## WAGNER, *Petitioner,*
### *v.*
## EMPLOYMENT DIVISION et al, *Respondents.*
### (No. 76-AB-858, CA 6990)

562 P2d 203

Timothy J. Harold, Springfield, argued the cause for petitioner. With him on the brief were Joseph J. Leahy, and Harms & Harold, Springfield.

Robert L. Ackerman, Portland, argued the cause for respondent Eaton Corporation, a corporation. With him on the brief was Babcock & Ackerman, Portland.

No appearance for respondent Employment Division.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Claimant appeals from a determination by the Employment Appeals Board (Board) that he was "discharged for misconduct connected with his work" and thus not entitled to certain unemployment compensation benefits. ORS 657.176(2) (a).

Claimant worked for employer for 15 years, and at the time of his discharge was a salesman for employer's forestry and industrial truck divisions. In 1975 petitioner, together with three other individuals, formed Lane Specialty Wood Products Corporation. Petitioner owned 25 percent of the Wood Products Corporation stock and served as treasurer.

On January 22, 1976, the Wood Products Corporation purchased four pieces of equipment from employer, one of which had previously been leased to Pacific Northwest Bell Company.[1] Claimant was discharged on April 29, 1976, after employer learned of claimant's interest in the Wood Products Corporation. Subsequent to claimant's discharge, the Wood Products Corporation sold to Pacific Northwest Bell the piece of equipment it had previously leased from employer. An administrator's initial grant of unemployment compensation to claimant was reversed by a referee, whose decision was sustained by a divided Board.

The Board's findings of fact include the following:

"* * * (9) Subsequent to the purchase from employer, claimant's corporation sold to the telephone company the same piece of equipment which the telephone company had been leasing from employer prior to the sale to claimant's corporation. This was all with claimant's knowledge. (10) *When employer discovered the transaction and claimant's involvement, claimant was discharged for conflict of interest.*" (Emphasis supplied.)

The Board concluded that:

"* * * The business opportunities known to them

---

[1] The equipment was purchased under the name of "S-W Corporation," a name occasionally used by Lane Specialty Wood Products Corporation.

[ 859 ]

[claimant and another officer of the Wood Products Corporation] as the result of their employment enabled the claimant and his co-participants to maximize money for their own interest as opposed to the employer's, an advantage which clearly shows an intentional and wilful disregard of the employer's interests and constitutes misconduct."

Employer concedes that the equipment in question was not sold to Pacific Northwest Bell until after claimant was discharged and that there is no evidence in the record to support the Board's findings of fact set forth above. Employer argues, however, that the Board's decision must be upheld when the entire record provides substantial evidence for the misconduct charge even though the Board is mistaken as to a particular fact. Whatever the merits of employer's argument in another context, we decline to adopt it where the Board explicitly bases its decision on an incorrect fact which, as revealed by the findings of fact and conclusion of law set forth above, was an important factor in its decision.[2] Under these circumstances, it is proper to remand to the Board to reconsider its decision in light of our opinion. *Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, S Ct *review denied* (1974); *LaMar's Enterprises, Inc. v. OLCC,* 18 Or App 77, 524 P2d 336, S Ct *review denied* (1974); *see Civil Rights Div. v. Williams,* 28 Or App 651, 560 P2d 673 (1977).

Remanded with instructions.

---

[2]Employer relies exclusively on Balduyck v. Morgan, 9 Or App 363, 497 P2d 377 (1972). There the Employment Appeals Board's finding of misconduct was based on two separate charges involving different courses of conduct by the claimant. We noted that the Board's decision should be affirmed if the record revealed substantial evidence of either charge. As opposed to *Balduyck,* the Board's decision specifically cites no other finding of misconduct and in this case only one course of conduct forms the basis for the misconduct charge.