Argued February 23, remanded April 4, 1977

RICH et al, *Petitioners,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-AB-880, CA 7072)

562 P2d 550

Donald S. Richardson, Portland, argued the cause for petitioners. With him on the brief was Richardson, Murphy & Nelson, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Welby Heating & Air Conditioning, Inc.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Claimants appeal from a decision of the Employment Appeals Board (Board) denying them unemployment compensation on the grounds that their employment was terminated because of a labor dispute. ORS 657.200(1).[1]

In 1974, employer and the union representing claimants entered into an agreement which provided that claimants would receive wages and fringe benefits totaling $11.13 per hour and that:

"* * * In the event * * * notice of reopening [negotiations for an agreement covering a period of time commencing April 1, 1976] is served, this Agreement shall continue in force and effect until conferences relating thereto have been terminated by either party."

Though preliminary steps in negotiations for a new agreement had been taken by both the union and employer, no agreement was reached by April 1, 1976. When claimants arrived at work on April 2, 1976, they were informed that their employment would be terminated unless they signed a new agreement providing that their wages would be $6.10 per hour plus certain fringe benefits. Claimants refused to sign this agreement because they believed the terms of the 1974 agreement to be still in force, and were discharged by employer.

The administrator's denial of claimants' request for unemployment compensation on the grounds that claimants were unemployed due to a labor dispute was affirmed by a referee and the Board. The Board's findings of fact include:

"(20) On April 22, 1976, the union was requested to inform its members that employment was available at

---

[1] ORS 657.200(1) provides:

"An individual is disqualified for benefits for any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment or other premises at which he is or was last employed or at which he claims employment rights by union agreement or otherwise."

the wages and conditions of the 1974-76 labor agreement.

"(21) These claimants did not return to work at that time and as of the date of the hearing before the referee, had not returned to work for this employer."

The Board concluded that:

"* * * The claimants refused * * * to return to work after being offered work at the same terms and conditions of the expired labor agreement. * * * All of the factors involved in this matter lead us to the finding that there was a labor dispute at the premises of this employer and that labor dispute was the cause of the unemployment of these two claimants."

Claimants contend that the Board's finding number 20 and the consequent conclusions of law are not supported by substantial evidence. The only evidence which could conceivably support finding number 20 is found in a letter dated April 22, 1976, from employer's representative to the union:[2]

"* * * I should like to advise you, as the employers' representative, that these jobs remain open and available to [claimants]. While you disagree with the current wages and conditions placed in effect, each employer would be happy to reinstate these employees while they preserved whatever rights which they might have under the 1974-76 contract and any they might have under the NLRA * * *."

The letter does not offer claimants employment under the terms of the 1974-76 contract, but, rather, offers them employment at the "current wages and conditions placed in effect"—$6.10 per hour.

"* * * [W]here the Board explicitly bases its decision on an incorrect fact which, as revealed by the findings of fact and conclusion of law set forth above, was an important factor in its decision * * * it is proper to remand to the Board to reconsider its decision in light of our opinion." *Wagner v. Employment Div.,* 28 Or App 857, 860, 562 P2d 203 (1977).

Remanded.

---

[2]Employer's brief fails to cite any portion of the record as supporting the Board's finding number 20.