Submitted on record and petitioner's brief May 17, affirmed August 8, 1977

KOKOTAN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondent.*
(No. 76-AB-1080, CA 7326)
567 P2d 138

David M. Moule and Robert K. Naslund, Springfield, filed the brief for petitioner.

No appearance for respondent Employment Division.

No appearance for respondent Western Graphics Corporation.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Claimant appeals from an order of the Employment Appeals Board (Board) holding that she voluntarily left work without good cause.[1] She contends that three of the Board's factual findings are not supported by substantial evidence and that the Board was incorrect in holding that she voluntarily left work without good cause.

Claimant worked for employer between October 1975 and June 1976. Her primary duties were tele-

---

[1] The body of the Board's order recites as follows:

"FINDINGS OF FACT: (1) The claimant worked for the above employer as a telephone collector from October 1975 until June 24, 1976. (2) Her last rate of pay was $604 per month. (3) The claimant left her job on June 24, 1976 because she did not feel she could work for a supervisor that was appointed over her, because she did not like her job classification and felt that her pay was not sufficient for the work she was doing. (4) When she mentioned these things to her supervisor she was told that the person that was appointed over her as a supervisor was done because the employer was of the opinion that that person could best fill the job. (5) She was also told that her rate of pay was a matter that was fixed by company policy and that that policy could not be modified specifically to accede to the claimant's demands. (6) She was also told by the employer that the question of her job classification would be considered to determine whether or not a change would be made. (7) Because of the claimant's dissatisfaction with those answers she quit her job without notice.

"CONCLUSION AND REASONS: We agree with the decision of the referee in this matter. The claimant voluntarily left work without good cause.

"Considering all the matters complained of by the claimant either singularly or collectively good cause for her job separation has not been shown. The question of the appointment of a supervisor is a matter solely within the discretion of the employer and one's dissatisfaction with the exercise of that discretion does not make the job unsuitable. Nor does the question of denial of an increase in pay make the job unsuitable merely because an employee is not satisfied with the rate of pay they are receiving. With regard to the claimant's complaints about her job classification she was presented with a reasonable alternative to quitting in that the employer agreed to investigate the matter to determine whether or not changes would be made. We do not find, therefore, that working conditions were such that continued employment was unsuitable, that the claimant was left with no reasonable alternative, nor was the situation such that she was in effect compelled to leave this work and become unemployed.

"DECISION: Referee Decision 76T-E-132 served August 24, 1976 is affirmed. The claimant is disqualified under the provisions of ORS 657.176(2)(c)."

phoning and collecting from past-due accounts, however she also performed some clerical and bookkeeping chores. On May 20, 1976 claimant submitted her resignation citing as reasons for doing so the inefficiency of a co-worker, her wage scale, work hours and job classification, and a reprimand which she felt was undeserved. After a discussion with the office manager, claimant withdrew her resignation. Claimant testified that the office manager had implied that claimant would receive either a new job classification or a raise. The office manager, however, denied that either matter had been discussed.

On Thursday, June 24, 1976, a person whom claimant believed was unqualified was made her immediate supervisor. The next day claimant again submitted her resignation and left work believing that the promotion was just one more item on her list of grievances which still included dissatisfaction with her wages and job classification. On the following Monday, June 28, the office manager visited claimant and attempted to convince her to return to work. Claimant stated that she would do so if she did not have to work under the newly promoted supervisor and if she was given an increase in pay and a new job classification. When the office manager refused to immediately honor each of these demands, claimant refused to return to work.

I

Claimant contends that the Board's finding of fact that she worked as a telephone collector throughout her employment is not supported by substantial evidence. She characterizes the proof as showing that she did many tasks and was not assigned to telephone collection until one month after the commencement of her employment. Therefore, she contends, the finding is in error because it describes her as having assumed that duty at the outset of her employment rather than a month later.

■ Assuming that claimant is correct and that the finding is inaccurate, the discrepancy has no legal significance. An erroneous but immaterial finding provides no basis for reversal.

## II

Claimant next assigns as error the Board's third finding that "claimant left her job on June 25, 1976 because she did not feel she could work for a supervisor that was appointed over her * * *." The proof showed, claimant asserts in brief, that she objected not to the creation of a supervisory position, but only to the particular person who was assigned to be the supervisor. Therefore, she contends, "the appointment of *the* supervisor, rather than *a* supervisor, contributed to Claimant's decision to leave work." (Claimant's emphasis.) Again, this discrepancy, if it is one, is immaterial and gives no cause for reversal.

## III

Claimant next contends that the Board erred in finding that she quit her job on June 28 because she was dissatisfied with the office manager's response to her demands. She argues that this finding mistakenly assumes that her employment was terminated after the Monday meeting with the office manager when, in fact, it was terminated on the preceding Friday. The findings are that she left her job on June 24 due to dissatisfaction with various conditions of her employment, and that on June 28 her employer made certain assurances in response to her complaints in order to persuade her to return to work, but that she was dissatisfied with those assurances and "quit."

■ Absent any deadline problem, whether the claimant left, quit or terminated her employment on June 24 or 28 is of no consequence in the determination of her entitlement to unemployment benefits. The Board was reasonably entitled to evaluate the cause of claimant's leaving work by looking at all of the circumstances of the entire transaction of the termina-

tion of her employment. For us to forbid the Board from considering any facts occurring after the employe said "I quit," and before she said "I won't return," would be appellate hairsplitting and would diminish the ability of the Board to look to the reality of each situation in its entirety.

## IV

The final assignment of error is that the Board's findings do not support its conclusion of law that claimant left her employment without good cause. The only argument in support of this contention is that claimant testified that there were reasons for her departure other than those found by the Board: unfairness of work distribution and the development of cellulitis from having to climb stairs and kneel on the floor for some work in the attic.

There is evidence to support finding (7) and the conclusion based on it. Implicit in finding facts other than those asserted by the claimant is a determination that asserted causes did not have a legally significant relationship to her departure. We will not disturb facts and inferences found by the agency where, as here, the findings are supported by substantial evidence.

We conclude that all of claimant's assignments of error are without substance. The Board, in its order, found facts and rationally explained its conclusion from those facts. Therefore, the order is valid. *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* (1977).

Affirmed.

**THORNTON, P. J.,** dissenting.

I would remand this case for adequate findings.

The net effect of the majority opinion is to hold that while each of the Employment Appeals Board's findings of fact, except finding number (2) that claimant's last rate of pay was $604 per month, is erroneous in

some respect we affirm because the ultimate conclusion that claimant left work without good cause is a rational conclusion drawn from the record. The majority reaches this result by characterizing the insistence on adequate findings of fact as "appellate hairsplitting." I perceive the requirement of adequate findings of fact to be at the core of judicial review of administrative action. In this setting form is an extension of content.

While findings (1) and (3) are in minor ways inaccurate and in substantial ways incomplete, my disagreement with the majority centers on findings (4) through (7).

Claimant quit work on the afternoon of June 24, 1976, at the end of her shift. At the time she resigned she did not talk with anyone about her reasons for quitting. Subsequently, on June 28, 1976, the office manager went to claimant's home "to go try to talk to her and find out what was it all about." Findings (4) through (7) are all propositions and statements derivative of the conversation held in claimant's home three days after she resigned, a conversation that can have no possible relevance to the central inquiry of whether claimant quit work with good cause three days earlier. These findings form an integral part of EAB's conclusions:

> "* * * With regard to the claimant's complaints about her job classification *she was presented with a reasonable alternative to quitting* in that the employer agreed to investigate the matter to determine whether or not changes should be made. We do not find, therefore, that working conditions were such that continued employment was unsuitable * * *." (Emphasis supplied.)

Where administrative conclusions are premised on incorrect or irrelevant findings of fact we have until now remanded for adequate findings and conclusions. *See, LaMar's Enterprises, Inc. v. OLCC,* 18 Or App 77, 524 P2d 336, Sup Ct *review denied* (1974); *Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d

1047, Sup Ct *review denied* (1974); *Wagner v. Employment Div.,* 28 Or App 857, 562 P2d 203 (1977); *Rich v. Employment Div.,* 29 Or App 1, 562 P2d 550 (1977).

I would remand for reconsideration.