Argued and submitted October 21, 1977, affirmed January 16, 1978

CHAPMAN, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-AB-671, CA 8634)
573 P2d 755

David R. Paxton, Newberg, argued the cause and filed the brief for petitioner.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and John W. Burgess, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from an order of the Employment Appeals Board requiring petitioner to repay unemployment benefits previously granted to him and disqualifying him from receiving further benefits for a period of 26 weeks.

In late 1975, petitioner claimed and was granted unemployment compensation. Under this claim, petitioner was paid $2,552 for the period ending in March 1976. In that month the Employment Division became aware that petitioner was engaged in operating his own business under the name of "Larry's Welding and Repair." After an interview, an administrator determined that petitioner was not unemployed and was therefore not eligible for unemployment compensation. It was also determined that petitioner had wilfully failed to disclose a material fact in order to receive benefits and should be disqualified from receiving benefits for a period of 26 weeks. Petitioner was ordered to repay the entire $2,552.

Petitioner requested a hearing which resulted in a decision by Referee Barker that petitioner was not unemployed, had wilfully withheld material facts in order to obtain benefits, was liable to repay all benefits received, and should be disqualified from receiving compensation for 26 weeks. Petitioner's appeal to the Employment Appeals Board resulted in an order affirming the referee's decision. While an appeal was pending before this court the order of the Employment Appeals Board was withdrawn on the Board's motion. The motion to withdraw the order was made after it was discovered that the Board had not had a complete transcript of the hearing when it affirmed the referee's decision. The case was remanded to the Employment Appeals Board, which remanded it to the administrator for appointment of a new referee and a new hearing.

The second hearing, before Referee Howell, was held on March 31, 1977. No opinion was issued by

Referee Howell. A transcript of the second hearing was before the Employment Appeals Board when it entered its second order affirming the first referee's decision and finding that the petitioner was not unemployed, had wilfully withheld material information and was therefore disqualified for 26 weeks from receiving further benefits, and was liable to repay the entire amount of benefits received. The Board also found that petitioner was not available for work.

Petitioner assigns seven errors. First, it is claimed that Referee Howell should have issued a written opinion after the second hearing and that the administrative rules promulgated by the Employment Division, especially Oregon Administrative Rule 471-40-025(7),[1] require a decision by the referee in all cases.

■ The procedure followed in this case was not the ordinary. However, the Employment Appeals Board stated that the issue before it was the "propriety of the referee's decision" and the Board's order agreed with and affirmed the decision of the referee. It is accepted that the Board affirmed the first referee's order on the basis of the transcript of the second hearing from which no order issued. Assuming, arguendo, the objection was properly preserved, it was harmless.

■ The Employment Appeals Board reviews decisions of the referee de novo on the record and can enter its own order. *Stevenson v. Morgan,* 17 Or App 428, 522

---

[1] "(7) In *any hearing,* the referee shall render a decision on the issue and law involved as stated in the notice of hearing. The referee's jurisdiction and authority is confined solely to the issue(s) arising under the Employment Division Law. Subject to objection by any party, the referee may also hear and enter a decision on any issue not previously considered by the authorized representative and which arose during the hearing. The referee may continue the hearing or remand the matter to the authorized representative for consideration and action upon such issue(s) under the provision of ORS 657.265. However, in no event shall the referee accept jurisdiction of a new issue and proceed with hearing on such issue when an interested party to such new issue has not waived right to notice or, if in the referee's opinion, substantial justice would be denied the parties." (Emphasis added.) Oregon Administrative Rules, 471-40-025(7).

P2d 1204 (1974). There was no harm to claimant from the failure of the second referee to issue a decision.

■  Petitioner's second assignment of error concerning the finding of wilfulness is without merit. There was sufficient evidence to support a finding of wilfulness.

■  Petitioner's third, fourth, and fifth assignments of error advance his major contention. Petitioner claims that despite the fact that he was operating his own business he was entitled to some benefits since he was unemployed within the definition of ORS 657.100. Therefore, petitioner contends it was error to require full repayment of all benefits.

ORS 657.155 sets out the requirements for eligibility.

> "Benefit eligibility conditions.
>
> "(1) An *unemployed individual* shall be eligible to receive benefits with respect to any week only if the administrator finds that:
>
> "* * * * *
>
> "(c) He is able to work, is available for work, and is *actively seeking* and unable to obtain suitable work. * * *"
>
> "* * * * *."

The Employment Appeals Board found that claimant was not available for work and so was not eligible for benefits under ORS 657.155. The evidence directly relevant to claimant's availability for work is petitioner's testimony that he worked at his own business only three to eight hours a week and that he was willing to work any hours and to travel some distance to a job.

The Board, however, relied on the evidence of claimant's gross profits from his sideline business in determining availability for work. The evidence concerning petitioner's earnings consists of his wife's testimony based upon the income tax statements of "Larry's Welding and Repair." In 1975, the "gross profit" of the business was $5,819 and the "net profit" was $1,427. In 1976, the figures were $4,736 "gross

profit" and $66 "net loss." The Board reasoned that these profits indicated a large amount of time spent in the business and therefore claimant was not available for work.

■ Our review in this case is limited to a search for substantial evidence and rational reasoning.[2] *McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* (1977). We find the Board's reasoning was rational and was supported by substantial evidence.

Affirmed.

─────────
[2] ORS 183.482(8) provides for judicial reversal of administrative orders under four enumerated conditions. The only inquiry relevant to this case is whether the order is supported by substantial evidence in the whole record.