## DUNCAN, *Petitioner—Cross-Respondent,*
### *v.*
## LAW ENFORCEMENT COUNCIL et al,
### *Respondents—Cross-Petitioners.*
### (ERB No. 556, CA 10819)
586 P2d 398

John R. Faust, Jr., Portland, argued the cause for petitioner—cross-respondent. On the briefs was Robert G. Boehmer, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondents—cross-petitioners. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Bromleigh S. Lamb, Salem, filed a brief amicus curiae for Oregon State Employes Association.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

## THORNTON, J.

■ Both parties to an Employment Relations Board (ERB) proceeding sought review of ERB's order and amended order determining a merit system layoff to be faulty and ordering relief.[1]

Petitioner—cross-respondent Duncan was employed by the Oregon Law Enforcement Council (Council) as a Senior Administrative Analyst. A new administrator of the Council took office in June 1976, when Duncan had already been working for the Council for more than four years. The new administrator reorganized the Council, eliminating some positions, thereby causing Duncan, as well as other members of that category to be considered for layoff. Before the reorganization was undertaken Duncan had never been subject to a performance appraisal, despite a state Personnel Division rule, 52-100, which prescribed such an appraisal for each regular merit system employe at least once per calendar year. Once it was determined that members of Duncan's category were subject to layoff, a performance appraisal of Duncan was completed, covering the first three months of the new administrator's tenure. On the basis of a comparison of Duncan's appraisal with that of other members of the category, Duncan was laid off. He appealed to ERB, which reversed and ordered reinstatement and back pay lessened by the amount he could have mitigated his damages by accepting a demotion.

The threshold issue for review is the propriety of the standard ERB used in examining Duncan's layoff. In its conclusions of law, ERB notes that under ORS ch

---

[1] An amicus curiae also asserted an error, namely that "ERB erred, as a matter of law, in concluding that 'principles adopted by the National Labor Relations Board' should be applied to a case arising under the Oregon Merit System Law, ORS ch 240." Since this issue is not raised by the parties, most courts would refuse to address it. *See, e.g., Portland Fish Co. v. States Steamship Co.,* 510 F2d 628 (9th Cir 1974); *State ex rel Kvaalen v. Graybill,* 159 Mont 190, 496 P2d 1127 (1972); *Montoya v. Moore,* 77 N M 326, 422 P2d 363 (1967). We agree that this issue is not before us.

240, the chapter relating to the merit system, layoffs are determined under administrative rules which take into account both length of service and performance appraisals, ORS 240.525, and performance appraisals are a factor in determining the order of layoffs, ORS 240.430(2)(c). There are two relevant Personnel Division rules. Rule 52-100 requires that a performance appraisal be made for each regular employe at least once each calendar year. Rule 53-200 governs the use of appraisals in determining order of layoff. Only appraisals for current or higher salary ranges are to be used: Two are to be used if available; if only one is available, it is to be used; and if none is available, an appraisal is to be completed. ERB held that

> "[t]he test for determining whether a performance appraisal, developed specifically for layoff purposes, is adequate is whether the performance appraisal was developed in good faith and was reasonable. * * *"

ERB found that the Council did not act in bad faith, but that its appraisal was unreasonable, because it failed to appraise Duncan's performance for a period longer than three months.

The Council challenges ERB's use of a standard for review other than that prescribed by ORS 240.086:

> "The primary responsibility of the board [ERB] shall be to foster and protect a merit system of personnel administration in state government. In carrying out this function it shall:
>
> "* * * * *
>
> "(2) Review any personnel action that is alleged by an affected party * * * to be arbitrary or contrary to law or rule * * * and set aside such action if it finds these allegations to be correct. * * *
>
> "* * * * *"

■■ The applicable statutes and Personnel Division rules require only that a performance appraisal be completed before an employe is laid off, that length of service and appraisals be considered when layoffs are contemplated, and that appraisals be used in determining the order of layoffs. Here, ERB has construed

those statutes and rules to require that an appraisal cover at least six months. Generally, an agency's interpretations of the rules it makes and the statute it enforces are accorded due deference. *See, e.g., Smith v. Peet,* 29 Or App 625, 564 P2d 1083, *rev den* (1977). However, an agency will *not* be given deference to embroider the rules another agency has established in accordance with statutes. *Paul v. Personnel Div.,* 28 Or App 603, 608-09, 560 P2d 293 (1977). Therefore, since the Council followed the applicable statutes and Personnel Division rules, ERB erred in setting aside Duncan's layoff as being contrary to rule or statute.

■ As to ERB's review of the Council's action for arbitrariness, that is limited by *Paul* also:

"* * * ['A]rbitrary' is not a catchall provision. It may not be used as the vehicle for a policy decision. Rather, it applies to action which is taken without cause, unsupported by substantial evidence, or nonrational. Its typical application is in cases where there is no evidentiary basis for the challenged personnel action. * * *" 28 Or App at 608.

In this case there is evidence supporting the personnel action; a performance appraisal, even if not meeting ERB's expectations in various particulars, was completed and used as a factor in determining that Duncan was to be laid off. The parties argue about who was or was not available for solicitation of views on Duncan's performance. Then they argue over whether the extent of the inquiry was reasonable. Reasonableness, however, is not at issue when we determine whether there is substantial evidence to support an agency's determination. As we have already noted, here a reasonableness standard was incorrectly imposed by ERB.

Since ERB's order setting aside the layoff was in error, we need not discuss the other assignments of error, all of which concern the relief granted once the layoff was set aside.

Reversed.