Argued August 20, rules upheld October 8,
reconsideration denied November 15, 1979,
petition for review denied January 22, 1980 (288 Or 493)

## MILLER, et al,
*Petitioners,*

*v.*

# OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(No. 78-259, CA 14522)

600 P2d 954

David W. Axelrod, Portland, argued the cause for petitioner. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Roland F. Banks, Jr., and Thomas M. Triplett, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

This is a petition for review of the validity of two rules promulgated by the Oregon Liquor Control Commission (OLCC).[1] The sole question is whether the

---

[1] OAR 845-10-210:

"(1) Posting of malt beverage prices:

"(a) Licensees of the Commission engaged in the business of soliciting the sale of, selling, or distributing malt beverages for resale within the State of Oregon shall file with the Commission at its Portland office a written schedule in three copies of prices to be charged for all such beverages offered for sale within the state. The prices shall be uniform for the same class trade buyers and shall set forth:

"(A) All brands and types of products offered for sale;

"(B) The delivered sale price for each size container to retail licensees;

"(C) Prices or maximum allowances or discounts to wholesale licensees; and

"(D) Any allowance granted for return containers.

"All price postings shall be consistent as between the various packages and containers offered for sale. No price postings involving quantity discounts shall be made.

"(b) The Commission may reject any price posting which is in violation of any of its rules. If the Commission rejects a posting, the licensee submitting the posting may be heard and shall have the burden of showing that the posting is not in violation of any rule. If the posting is accepted after the licensee has been heard, it shall become effective at a time fixed by the Commission. If the posting is rejected, the last effective posting shall remain in effect.

"(c) Unless rejected by the Commission, prices shall be effective on the tenth day following receipt of the posting at the Portland office of the Commission. A schedule of prices may be changed or modified by filing with the Commission at its Portland office an amended schedule of prices, which shall become effective on the tenth day after receipt unless rejected by the Commission. Such schedule of prices shall not be amended, withdrawn, changed, or modified except as provided by this rule. When a price schedule or an amended or modified schedule is filed, it shall be open to public inspection.

"(d) All postings reflecting a price decrease, when accepted, shall remain in effect for 180 days after the effective date of the posting. The Commission, at its discretion, may waive the 180-day period to allow for price increases based upon conditions which in its opinion warrant the increases.

"(e) From and after the effective date of a price schedule filed as provided by this rule, the licensee filing such schedule shall make sales at the prices scheduled and at no other price. If any licensee shall make a sale of malt beverages at any price which is different from the licensee's effective posted price for the beverages, the sale shall be considered to be the giving of financial assistance within the meaning of the Oregon Liquor Control Act, as amended, and the administrative rules of the Commission.

"(2) Posting of wine prices:

"(a) Licensees of the Commission engaged in the business of soliciting the sales of, selling, or distributing wine for resale within the State of Oregon shall file with the Commission at its Portland office a written schedule in two copies of prices to be charged by such licensee for all wine offered for sale within the state. The prices shall be uniform for the same class of trade buyers and shall set forth:

"(A) All brands, classes, and kinds of wine offered for sale; and

"(B) The delivered sale price of each size container to retail licensees.
"Prices shall be the same for one container as for each like container in any quantity comprising a sale, order, or delivery. No allowance shall be made for return of containers, and a wholesale licensee shall not purchase used containers from a retail licensee.

"(b) The Commission may reject any price posting which is in violation of any of its rules. If the Commission rejects a posting, the licensee submitting the posting may be heard and shall have the burden of showing that the posting is not in violation of any rule. If the posting is accepted after the licensee has been heard, it shall become effective at a time fixed by the Commission. If the posting is rejected, the last effective posting shall remain in effect.

"(c) Unless rejected by the Commission, prices shall be effective on the tenth day following receipt of the posting at the Portland office of the Commission. A schedule of prices may be changed or modified by filing with the Commission at its Portland office an amended schedule of prices, which shall become effective on the tenth day after receipt unless rejected by the Commission. Such schedule of prices shall not be amended, withdrawn, changed, or modified except as provided by this rule. When a price schedule or an amended or modified schedule is filed, it shall be open to public inspection.

"(d) All postings reflecting a price decrease, when accepted, shall remain in effect for 30 days after the effective date of the posting. The Commission, at its discretion, may waive the 30-day period to allow for price increases based upon conditions which in its opinion warrant the increases.

"(e) From and after the effective date of a price schedule filed as provided by this rule, the licensee filing such schedule shall make sales at the prices scheduled and at no other price. If any licensee shall make a sale of wine at any price which is different from the licensee's

rules exceed the statutory authority of OLCC.[2] ORS 183.400(4)(b).

The authority of the OLCC to enact implementing regulations is contained in several statutory provisions. The Liquor Control Act (ORS ch 471) is to be "liberally construed so as to protect the safety, welfare, health, peace and morals of the people of the state." ORS 471.030(1)(c). In addition to specifically enumerated powers and duties, the commission has the powers "necessary and proper to enable it to carry out fully and effectually all the purposes of this chapter." ORS 471.040. The commission is empowered "to adopt such regulations as are necessary and feasible for carrying out the provisions of [the Act]" and "to exercise all powers incidental, convenient or necessary to enable it to administer or carry out any of the provisions of [the Act]." ORS 471.730(6). Broad delegation of authority to the OLCC has been judicially

effective posted price for the wine, the sale shall be considered to be the giving of financial assistance within the meaning of the Oregon Liquor Control Act, as amended, and the administrative rules of the Commission.

"(3) Distribution areas:

"(a) Wholesale licensees shall advise the Commission, in writing, at its Portland office of the distribution area of the licensee. The area shall be defined, using geographical designations, and shall plainly state each area and brand delivered to retail licensees within that area.

"(b) Whenever a distribution area is modified or changed, the licensee shall immediately advise the Commission, in writing, at its Portland office of such modification or change."

OAR 845-10-211:

"A licensed retailer of malt beverages or of wine who is operating under a restaurant license, package store license, retail malt beverage license, or dispenser license may transport, or have transported by the licensed retailer's employe or by a common carrier, from the licensed wholesaler premises to the licensed retailer premises, the malt beverages or wine sold to the licensed retailer by the licensed wholesaler. The purchase price of such malt beverages or wine shall be the price posted therefor, pursuant to rule 845-10-210 hereof, for the trade zone at the licensed retailer premises."

[2] A stay was granted in a federal district court antitrust action in order that this issue could be litigated in state court.

recognized. *See Van Ripper v. OLCC,* 228 Or 581, 590, 365 P2d 109 (1961); *McCann v. OLCC,* 27 Or App 487, 493, 556 P2d 973 (1976), *rev den* (1977).

The challenged rules, which concern beer and wine pricing practices, embody three features to which petitioners object. First, quantity discounts are prohibited. OAR 845-10-210(1)(a) and (2)(a). Second, prices must be posted 10 days prior to their taking effect, and prices reflecting a price decrease generally remain effective after posting for a period of 180 days for malt beverages and 30 days for wine. OAR 845-10-210(1)(c) and (d), and (2)(c) and (d). Third, regardless of transportation arrangements, the prices must be those posted, thus eliminating the giving of transportation allowances. OAR 845-10-211.

Petitioners characterize those features of the challenged rules (which we assume for the purpose of this review are aptly summarized above) as having a price-fixing or price-stabilizing effect tending to discourage competition.[3] That issue is not before this court. We can only determine whether the challenged rules reasonably advance a statutory purpose. *See Van Ripper v. OLCC, supra* at 591; *Fred Meyer v. Bureau of Labor,* 39 Or App 253, 268, 592 P2d 564 (1978), *rev den* 287 Or 129 (1979).

The statutory authority relied upon by the OLCC with respect to the challenged rules is ORS 471.465,[4]

---

[3] The Commission does not have, or claim to have, power generally to establish malt beverage and wine prices. *(But see* ORS 471.217.) Licensees establish their own prices, subject to statutes, rules and regulations. The Commission may reject a proposed price posting "which is in violation of any of its rules." OAR 85-10-210(1)(b),(2)(b).

[4] ORS 471.465:

"No manufacturer or wholesaler of alcoholic liquor, and no officer, director, substantial stockholder, agent or employe of any such manufacturer or wholesaler, shall, directly or indirectly, give, loan, furnish or supply, other than merchandise sold in the usual course of trade, to any licensee authorized to sell alcoholic liquors at retail:

"(1) Any gratuities or rebates;

prohibiting financial assistance to retailers. We note preliminarily that an agency's interpretation of its statutory authority is entitled to deference by the courts, and we cannot substitute our policy ideas for those of the agency. *Van Ripper v. OLCC, supra* at 593; *Duncan v. Law Enforcement Council,* 37 Or App 119, 123, 586 P2d 398, *rev den* 285 Or 195 (1978).

Petitioners assert that the phrase "other than merchandise sold in the usual course of trade" in ORS 471.465 categorically exempts any transaction involving such merchandise. Although the phrase presents grammatical problems, we do not understand it to have the suggested effect because that would effectively destroy the evident objective of the entire section. The most sensible reading is that selling merchandise to a licensee for use in the licensee's business cannot by itself be a violation of the statute.[5] The discount, price posting and delivered price features of the rules in question appear to be reasonably designed to prevent financial assistance proscribed under ORS 471.465 in the form of special allowances or discounts to retail licensees.

In addition to ORS 471.465, the Liquor Control Act contains several "tied-house" provisions[6] designed to

---

"(2) Any finances, money or credit;

"(3) Any fixtures, furniture or furnishings;

"(4) Any equipment other than advertising and point of sale material and other items of nominal value supplied to all retail licensees without discrimination; or

"(5) Any services other than the inspection of equipment, the inspection and rotation of stock, the building of displays and other services of nominal value incidental to merchandising in the usual course of business furnished to all retail licensees without discrimination."

[5] *See* OCLA § 24-204; Or Laws 1955, ch 657, § 11 Or Laws 1957, ch 297, § 3.

[6] ORS 471.452 (prohibition of sale at both wholesale and retail); 471.455 (prohibition of interest of wholesaler or manufacturer in retailer); 471.460 (prohibition of interest of retailer in manufacturer); 471.470 (prohibition of gifts by wholesaler to retailer).

separate possible wholesale and retail financial connections, a purpose sought to be achieved in part by the challenged rules. Finally, the anti-discriminatory thrust of the Oregon constitutional amendment concerning the sale of liquor[7] and of the financial assistance statute discussed above is reasonably advanced by these rules by ensuring that beer and wine prices will be the same for all retailers.

Rules upheld.

---

[7] Article I, section 39(2) of the Oregon Constitution.