Elsie Viola MILLER and Oretta, Bernice Lancaster, doing business as the Junction Cafe and Tavern; Taylor's Coffee Shop, Inc., dba Rennie's Landing; and Wian, Inc., dba Barney's Cable, Plaintiffs,

v.

William H. HEDLUND; Sylvia S. Bedingfield; Reuben A. Worster; Stan Auderkirk; and Jill Thorne, individually in their representative capacities as the Commissioners of the Oregon Liquor Control Commission; C. Dean Smith, individually in his capacity as Administrator for the Oregon Liquor Control Commission, Spear Beverage Co., Inc. and Coast Distributors, Inc., Defendants.

Civ. No. 78–259–FR.

United States District Court,
D. Oregon.

June 13, 1988.

David W. Axelrod, Schwabe, Williamson & Wyatt, Portland, Or., for plaintiffs.

Dave Frohnmayer, Atty. Gen., Arden J. Olson, Asst. Atty. Gen., Sp. Litigation Unit, Dept. of Justice, Salem, Or., for defendants.

## OPINION

FRYE, District Judge:

The matters before the court are the parties' cross motions for summary judgment.

The issue before the court is whether the interests of the State of Oregon in regulating the pricing of beer and wine is so closely related to the powers reserved to the State of Oregon by the Twenty-first Amendment to the United States Constitution that its rules and regulations are valid despite their direct conflict with express federal policies.

The Ninth Circuit Court of Appeals in *Miller v. Hedlund*, 813 F.2d 1344 (9th Cir. 1987) remanded this case with instructions to

> examine both the federal interest and the state interest and resolve the conflict between them in accordance with what is at stake for each in reality in the concrete case—the court must examine the purpose of the federal rule and the extent to which the state rule frustrates that purpose; the avowed purposes of the state rule and their closeness to the interests the Twenty-first Amendment serve; and the extent to which, in reality, the state rule serves its avowed purposes.

813 F.2d at 1352 n. 7 (citation omitted).

The court must now determine whether there are any genuine issues of material fact which exist or whether one of the parties is entitled to summary judgment in its favor based upon the existing record.

The court will address each of the issues delineated by the appellate court.

## THE FEDERAL INTEREST

In *Miller v. Hedlund*, the Ninth Circuit Court of Appeals concluded that the rules and regulations of the State of Oregon governing the pricing of beer and wine by wholesalers requires action that is "unlawful *per se* under the Sherman Act, 'even though advance price announcements are perfectly lawful and even though the particular prices and terms were not themselves fixed by private agreement.'" 813 F.2d at 1349 quoting *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 647, 100 S.Ct. 1925, 1927, 64 L.Ed.2d 580 (1980) (per curiam), discussing *Sugar Institute v. United States*, 297 U.S. 553, 56 S.Ct. 629, 80 L.Ed. 859 (1936). In the words of the Ninth Circuit Court of Appeals the rules and regulations of the State of Oregon constitute a "substantial impairment of the strong federal interest in favor of competition." 813 F.2d at 1352.

There is no genuine issue of material fact that the rules and regulations of the State of Oregon are in conflict with the mandate of the Sherman Act and therefore in violation of Federal law.

## THE EXTENT TO WHICH THE RULES AND REGULATIONS OF THE STATE OF OREGON FRUSTRATE FEDERAL PURPOSES

Section 1 of the Sherman Act prohibits unreasonable restraints of trade effected by a contract, combination or conspiracy among separate entitles.

The rules and regulations of the State of Oregon require wholesalers to adhere to previously announced prices for specified periods of time thereby effectively precluding short term price reductions. The rules and regulations of the State of Oregon require the exchange of future, delivered price information thereby ensuring that competitors can immediately match the price and eliminate any benefit of price competition. Delivered prices facilitate inter-wholesaler price communication and eliminate competition in transportation.

The issue before the court is the extent to which the effects of these regulations frustrate the federal purpose in favor of competition in the marketplace.

Unquestionably, the rules and regulations of the State of Oregon effectively preclude all federal interest in short term and intermediate term price competition. There is evidence in the record that wholesalers consult the required price information and there is no dispute that this causes price uniformity contrary to the federal interest against price maintenance. There is no genuine issue of material fact that the rules and regulations of the State of Oregon frustrate the federal interest against price maintenance.

### THE AVOWED STATE INTEREST

■ In *Miller v. OLCC,* 42 Or.App. 555, 600 P.2d 954 (1979) the Oregon Court of Appeals concluded that the rules and regulations at issue "appear to be reasonably designed to prevent financial assistance proscribed under O.R.S. 471.465 in the form of special allowances or discounts to retail licensees." 42 Or.App. at 561, 600 P.2d 954. Further, the Oregon Court of Appeals concluded that the challenged rules furthered "tied-house" provisions designed to separate wholesale and retail financial connections as well as the anti-discriminatory thrust of the Oregon Constitutional amendment concerning the sale of liquor by "ensuring that beer and wine prices will be the same for all retailers." 42 Or.App. at 562, 600 P.2d 954.

There is no genuine issue of material fact as to the State of Oregon's continuing interest in preventing price discrimination, financial assistance from wholesalers to retailers and "tied-houses."

### THE CLOSENESS OF THE STATE INTERESTS TO THE INTERESTS OF THE TWENTY–FIRST AMENDMENT

■ The Twenty-first Amendment grants to the individual States within the union virtually complete control over whether to permit the importation and/or sale of liquor and how to structure the liquor distribution system. In reconciling state and federal interests this court cannot simply weigh the interests of the State of Oregon in structuring its liquor distribution system with the interests of the United States in furthering competition but must consider each interest in light of the other and in the context of the issues and interests at stake in this particular case. *Cal. Retail Liquor Dealers Ass'n v. Midcal Alum.,* 445 U.S. 97, 110, 100 S.Ct. 937, 945, 63 L.Ed.2d 233 (1980).

The court finds as a matter of law that the rules and regulations of the State of Oregon are closely related to the interests of the Twenty-first Amendment in reserving to the individual States the structuring of liquor distribution systems. Policies of the State of Oregon are designed to guard against wholesalers providing financial assistance to retailers, and "tied-houses" speak to specific evils perceived by the State of Oregon in a liquor distribution system that permits controls by wholesalers over retailers.

However, a state statute which evenhandedly effectuates a local public policy may not be upheld where the burden imposed upon commerce is such that it is clearly excessive in relation to the putative local benefits. *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970). This brings the court to the final issue.

### THE EXTENT TO WHICH, IN REALITY, THE RULES AND REGULATIONS OF THE STATE OF OREGON SERVE THE AVOWED PURPOSES OF THE STATE OF OREGON

■ In order to reconcile the interest of the State of Oregon with the interest of the federal government the court must evaluate the actual impact of the rules and regulations of the State of Oregon upon the recognized interests of the State of Oregon. If the rules and regulations are not in reality effective in furthering the avowed interests of the State of Oregon, they must give way to the federal interests.

The decision of the Oregon Court of Appeals in *Miller v. OLCC*, 42 Or.App. 555, 600 P.2d 954 is not dispositive of the dispute here because the Oregon Court of Appeals considered only a facial attack on the rules and regulations at issue here. Based upon the record the court cannot resolve this issue as a matter of law. The "large factual component" noted by the appellate court, 813 F.2d at 1352, requires this court to evaluate the credibility of the witnesses and the parties and to fully develop the evidence. The court finds that an evidentiary hearing is necessary as to the limited issue of the extent to which the rules and regulations of the State of Oregon serve their avowed purposes.

The parties cross motions for summary judgment are denied.