HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.

---

[No. 2031.   Decided November 30, 1895.]

## W. T. SCOTT, *Corporation Counsel, Appellant, v.* W. T. FORREST *et al., Respondents.*

TIDE LANDS — DECISION OF APPRAISERS — APPEAL BY CITY — PROPER PARTY.

Under the act of March 26, 1895, authorizing appeals from the decisions of local and state boards in appraising tide lands to be taken by the city attorney of the city wherein such lands are situated, such appeal may be prosecuted by the corporation counsel of a city, when such is the title of its principal law officer.

Under the act of March 26, 1895, relating to the appraisal and sale of tide lands, no appeal lies from the decision of a local board of appraisers to the superior court; the appeal from the local board is to the state board of land commissioners, and appeal from the latter may be taken to the superior court.

Appeal from Superior Court, King County.—Hon.
T. J. HUMES, Judge.   Affirmed.

*W. F. Hays*, for appellant,

*Allen & Powell, Stratton, Lewis & Gilman*, and *Donworth & Howe*, for respondents.

The opinion of the court was delivered by

GORDON, J.—On March 15, 1895, the board of appraisers of tide and shore lands for King county, filed in the office of the auditor of that county its plat and appraisement of the tide lands lying in front of the city of Seattle.   On May 13, 1895, pursuant to the request of the requisite number of freeholders therefor, the corporation counsel of said city appealed from said appraisement to the superior court of said county. Thereafter, upon motion made by parties who were applicants to purchase certain of said tide lands so appraised, said appeal was dismissed, and the case is brought to this court from said order of dismissal.

We are of opinion that the appellant, as corporation counsel of the city of Seattle, is authorized, by the act of March 26, 1895, relating to the subject, to prosecute appeals from the decisions of both local and state boards, notwithstanding the provision of the statute that "the city attorney wherein such lands are situated shall   .   .   .   appeal." Under its freeholders' charter, the appellant, as corporation counsel, is the principal law officer of the city, and as such, the legislature intended to confer upon him the duty of prosecuting all proper appeals.

We are also of the opinion that the lower court was right in dismissing the appeal.   Sec. 53 of the act provides that "Appeals may be taken from any appraisals,   .   .   . of said local boards to the board of

state land commissioners," and § 57 provides for appeals from the board of state land commissioners to the superior court of the county in which said tide lands are situated. The right to appeal to the superior court from appraisals made by local boards is not conferred by the statute, and does not exist, and the superior court can only take jurisdiction of appeals from the state board. In the case under consideration the state board has never acted, neither has it been requested to act. Nor is the question affected by the fact that the law creating such local boards has been repealed. The right to appeal in this class of cases is not a vested or constitutional right, nevertheless, the repealing clause in the act under consideration expressly preserves "all rights which have been acquired, and all powers and privileges which have been conferred upon any person by any act of the legislature."

The appeal to the superior court in this case was without any authority of law, and the order appealed from is affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.