## NEPPACH v. JONES.

[39 Pac. 999; 42 Pac. 519.]

1. RES JUDICATA.— To make a matter *res judicata* there must be identity of persons and parties in both causes, and it must be an identity of real parties who have interests to be affected by the decision. This identity is not destroyed by joining as additional parties in the second cause persons who were not parties to the former litigation, and who have no interest in the subject matter.

2. DISMISSING APPEAL—RULES OF COURT—ABSTRACT.— An appeal to the supreme court will not be dismissed because the abstract does not contain a formal statement of errors as required by the last paragraph of Rule 9 of the supreme court, (24 Or. 600,) where the appeal is from a decree on the pleadings, and it sufficiently appears that the alleged error upon which the appellant intends to rely is the action of the trial court in sustaining the respondent's motion for the decree.

3. DISMISSING APPEAL FOR FAILURE TO FILE BRIEF—RULES OF COURT.— The rules of practice in the supreme court regarding abstracts and briefs were intended to facilitate business, and it is intended that they shall be substantially complied with; yet, if, through excusable neglect or oversight, some requirement has been omitted, the court may, on a proper showing, excuse the party in fault, as where a brief has not been filed in time through the delay of the printer.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

For appellant there was a brief and an oral argument by *Mr. Horace B. Nicholas.*

For respondent there was a brief and an oral argument by *Mr. Ira Jones.*

Decided December 2, 1895.
[42 Pac. 799.]

## ON THE MERITS.

PER CURIAM. 1. This is a suit in equity to set aside certain conveyances of real property which plaintiff claims are fraudulent and void as to him. A case involving the same matters in controversy between the plaintiff herein and the defendant J. H. Jones was heretofore tried and finally determined by this court adversely to the plaintiff who is the appellant here: *Neppach v. Jones*, 20 Or. 491 (23 Am. St. Rep. 145). The plaintiff attempts to avoid the effect of the decision in that case by joining other defendants with J. H. Jones, to wit, Justice Jones, E. K. Jones, and Ira Jones, and by supplementing the complaint with some further allegations intended to excuse the plaintiff's laches in bringing the suit, which are wholly insufficient for the purpose. From the answer it appears that Justice Jones died in the year eighteen hundred and ninety, which is not denied. And from the reply it appears that defendants Ira Jones and E. K. Jones have no interest whatever in the subject of litigation. The gravamen of appellant's contention now is that the two causes of action are not the same because the parties defendant are different, but by his own pleadings he has shown that J. H. Jones, the defendant in the former suit, is the only real party defendant here, and that the other de-

fendants named have no interest in the subject matter. To make a matter *res judicata* there must be identity of persons and parties: 21 Am. and Eng. Ency. of Law, 227. But they must be real parties having interests to be affected by the litigation. Combining entire strangers to the subject matter of the suit with real parties does not destroy this identity so that *res judicata* cannot be invoked. The decision of *Neppach* v. *Jones,* 20 Or. 491, is therefore decisive of this case, and hence the decree of the court below will be affirmed.                                          AFFIRMED.

Decided December 3, 1894.
[39 Pac. 999.]

## ON MOTION TO DISMISS APPEAL.

PER CURIAM. The respondents move for an af-firmance of the decree in this case, because (1) appellant's abstract is not in the form required by Rule 9 of this court; and (2) his brief was not served as required by Rule 6; while the appellant asks to be relieved from his default.

2. The abstract is in the form required by the rules, except that it does not contain a formal statement of errors. The appeal is from a decree given on the pleadings, and, although the abstract is defective, as claimed, it does nevertheless sufficiently appear therefrom that the alleged error upon which the appellant intends to rely is the action of the trial court in sustaining the defendants' motion for a decree on the pleadings, and it therefore accomplishes the purpose intended by the rules, and is a substantial compliance therewith.

3. The brief was not served until two days after the expiration of the time allowed by Rule 6, but from the affidavit of counsel for appellant in support of his motion it satisfactorily appears that the failure to serve his brief in time is due to the neglect and delay of the printer, and not to any fault of the appellant. For this reason his motion should be allowed. While the court expects and will require counsel to substantially observe the rules in the preparation and service of abstracts and briefs, yet if, through excusable neglect, the service is not made in time, the court may relieve the party in default, on a proper showing, from the consequences thereof. The rules were designed and intended to facilitate the business and simplify the practice, and are not so arbitrary or inflexible as to work an injustice, or prevent a hearing in this court, when the failure to comply therewith is owing to the excusable neglect of the party. The motion for an affirmance must be overruled, and appellant's motion to be relieved from his default in not serving his brief within time allowed; the respondents to have twenty days from this date in which to serve and file their brief.

Argued November 13; decided December 9, 1895; rehearing denied.