# WORLD LITERATURE CRUSADE,
*Petitioner,*
*v.*
## INSURANCE DIVISION,
*Respondent.*

### (Case No. 79-1-4, CA 13875)

601 P2d 833

Arden E. Shenker, Portland, argued the cause for petitioner. With him on the brief were Paul G. Lorenzini and Tooze, Kerr, Marshall & Shenker, Portland.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Petitioner World Literature Crusade appeals from the Insurance Commissioner's declaratory ruling (ORS 183.410) that religious organizations which were not "in existence in Oregon" on September 13, 1975, are not eligible under ORS 731.704(5)(g) for a certificate of authority to issue annuities. ORS 731.704(5)(g) provides:

"(5) The commissioner shall issue a certificate of authority only if:

"* * * * *

"(g) The nonprofit corporation is a religious organization which is currently in existence in Oregon and is exempt from taxation under section 501(c)(3) of the federal Internal Revenue Code as of September 13, 1975."

ORS 731.704(5)(g) was enacted by Oregon Laws 1975, chapter 699, § 1, and became effective on September 13, 1975. The parties agree that petitioner is a religious organization which was exempt under section 501(c)(3) as of September 13, 1975, but which did not obtain authority to do business in Oregon until after that date.

The division argues that the word "currently" in ORS 731.704(5)(g) refers to the effective date of the statute and that to qualify for a certificate, an organization must both have existed in Oregon and been exempt under section 501(c)(3) on that date. Petitioner argues that the word "currently" refers to the time an organization applies for a certificate of authority and that to qualify for a certificate, the organization (1) must exist in Oregon at the time it applies and (2) must have been exempt under section 501(c)(3) on September 13, 1975.

The statute establishes two requirements for qualification: "existence in Oregon" and exemption from taxation under section 501(c)(3). The first requirement is preceded in the statute by the temporal word "currently," and the second is followed by the temporal

words "as of September 13, 1975." The meaning of the term "as of September 13, 1975" is clear. The word "currently" is ambiguous; it can refer either to current conditions on the statute's effective date or to current conditions at the time of later events to which the statute relates, *e.g.*, the time a certificate is applied for or issued.

If the legislature had intended that both statutory requirements had to be satisfied as of the statute's effective date, it could have used the words which clearly refer to that date in describing both requirements, rather than using those words in one context and a different term in the other. *Cf. School District No. 17 v. Powell*, 203 Or 168, 185, 279 P2d 492 (1955).

■ Moreover, if the legislature intended that, like the section 501(c)(3) exemption requirement, the "existence in Oregon" requirement had to be satisfied as of September 13, 1975, that intent could have been achieved by omitting the word "currently" from the text of the statute. The division points out that a companion bill to the one ultimately enacted was also introduced in the 1975 legislature and differed from the enacted version, *inter alia*, by requiring that the applicant organization be "in existence and exempt" on the proposed Act's effective date. The division states:

> "The only distinction between the wording of the [two] Bills is the insertion of the word 'currently' in the [enacted] Bill * * *."

That legislative history indicates that the word "currently" was inserted deliberately and for a purpose; its only purpose could have been to make the time as of which "existence in Oregon" was required a time other than the one which would have been prescribed if the word "currently" had not been added. It is an established principle of construction that no word in a statute is to be deemed redundant or useless. The division's argument that "currently" and "as of September 13, 1975" are synonymous contravenes that

principle. *See Union Pac. R. R. Co. v. Bean,* 167 Or 535, 549, 119 P2d 575 (1941).

■ The object of ORS 731.704 *et seq.* is to protect the public by providing that nonprofit corporations may issue annuities only if they satisfy the criteria established for various kinds of organizations by ORS 731.704(5). Subsection (5)(g) establishes the qualifications for religious organizations. The division argues that the legislature rationally could have intended that the authority to issue annuities be extended only to religious organizations which existed and were exempt from federal taxation as of the statute's effective date, because such organizations had "known track records," while the history and financial condition of subsequently-created organizations could not be known when the statute was adopted. However, even assuming that to be a correct analysis of the legislature's motive, the legislature's language indicates that it considered an organization's exemption from federal taxation on the statute's effective date—which would necessarily require that the organization be in existence *somewhere* on that date—to serve adequately the "known quantity" objective, and "existence in Oregon" was deemed necessary only as of the time the organization applied for and obtained authority to issue annuities.

Reversed.