Argued and submitted March 23, affirmed June 29,
reconsideration denied August 13,
petition for review allowed October 6, 1981 (291 Or 708)

# GORDON,
*Petitioners,*

*v.*

# CITY OF BEAVERTON,
*Respondent.*

## (No. 80-078, CA 19168)

630 P2d 366

Thomas A. Gordon, Portland, argued the cause for petitioners. With him on the brief was Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Eleanore Baxendale, Assistant City Attorney, Beaverton, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of a Land Use Board of Appeals (LUBA) order dismissing their appeal from a land use decision of the respondent City of Beaverton. The ground for LUBA's dismissal was that petitioners filed their petition for review and supporting brief one day after the statutory period for doing so had elapsed. The issue, as formulated by petitioners and the city, is whether filing the petition and brief within the time prescribed by Oregon Laws 1979, ch 772, § 4(6) is a jurisdictional requirement or is one which LUBA has discretion to waive or extend.[1]

Appeals to LUBA are initiated by an affected person filing a "notice of intent to appeal" with LUBA "within 20 days after the date the decision sought to be reviewed becomes final." Oregon Laws 1979, ch 772, § 4(1),(4). Thereafter, as provided by section 4(5) of the Act:

"Within 20 days after service of the notice of intent to appeal, or within such further time as the board may allow, the city, county or special district governing body or state agency shall transmit to the board the original or a certified copy of the entire record of the proceeding under review. By stipulation of all parties to the review proceeding the record may be shortened. The board may require or permit subsequent corrections to the record."

Then, under section 4(6):

"Within 20 days after the date of transmittal of the record, a petition for review of the land use decision and

---

[1] It is not clear from LUBA's "Order on Petitioners' Motion for Reconsideration" whether LUBA regarded the filing time as a jurisdictional requirement or dismissed the appeal as a matter of discretion. The order states, as relevant:

"* * * Nowhere in Chapter 772 is there any indication that this requirement can be dispensed with solely at the Board's discretion. In fact, the Board addresses this issue in LUBA Procedural Rule 16(A)(2) wherein we state

"'A motion which seeks to extend the time for filing the petition for review or respondent's brief must be accompanied by a written stipulation signed by all the parties to the appeal consenting to the extension.'

"There is no indication in the record that such a stipulation was ever obtained by the petitioners."

The quoted language of the order may be internally contradictory. However, it is clear from an order of LUBA in an earlier case dealing with the same issue that LUBA has construed the time limit for filing petitions for review and supporting briefs to be jurisdictional. *Hayes v. Yamhill County* (LUBA No. 79-035).

supporting brief shall be filed with the board. The petition shall include a copy of the decision sought to be reviewed and shall state:

"(a) The facts that establish that the petitioner has standing.

"(b) The date of the decision.

"(c) The issues the petitioner seeks to have reviewed."

Petitioners argue that the filing of the notice of intent to appeal is the only procedurally jurisdictional event in appeals to LUBA and that a party's subsequent failure to comply with the time limit for filing the petition and brief or with other procedural requirements does not defeat LUBA's jurisdiction. That failure does no more, petitioners contend, than provide LUBA with a *discretionary* basis for dismissing an appeal. Petitioners contend that LUBA's own rules provide for extensions of the time for filing petitions and briefs, indicating that the agency has also interpreted the time period as being nonjurisdictional. *See* n 1, *supra.* Petitioners assert that LUBA proceedings are analogous to proceedings in the appellate courts, where the timely filing of a notice of appeal is the only jurisdictional event, and any subsequent departures from procedural requirements by an appellant *may* result in dismissal in the appellate court's discretion. *See* ORS 19.033.[2] Petitioners note that, in interpreting statutes bearing on their own jurisdiction, the appellate courts have adhered to the principle that doubts are to be resolved in favor of the right to appeal. *See, e.g., David M. Scott Construction v. Farrell,* 285 Or 563, 568, 592 P2d 551 (1979).

The city argues that petitioners' appellate court jurisdiction analogy is inapposite. It notes that there is no

---

[2] ORS 19.033(2) and (3) provide:

"(2) The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended.

"(3) After the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause, the omission of a party to perform any of the acts required in connection with an appeal, or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such omission, the court, on motion of the respondent or, on its own motion, may dismiss the appeal. An appeal dismissed on the court's own motion may be reinstated upon showing of good cause for such omission."

provision in Oregon Laws 1979, ch 772 which corresponds with the express provision of ORS 19.033 that failures to comply with procedural requirements other than the filing of the notice of appeal are not jurisdictional. The city considers that LUBA proceedings are less analogous to appellate court proceedings than to writs of review, which, pursuant to Oregon Laws 1979, ch 772, § 8, they replaced as the method for review of land use actions. The city argues that, under ORS 34.030, a court's jurisdiction to issue the writ to an inferior tribunal does not arise until a petition has been filed "setting forth the errors alleged to have been committed" in the challenged proceeding. Therefore, according to the city, a similar jurisdictional prerequisite should be read into the LUBA procedure, and an appeal should be deemed perfected only upon the timely filing of the petition which contains allegations of error rather than upon the filing of the notice of intent to appeal.

■        Neither party's argument by analogy is persuasive. The point the city draws from its writ of review analogy is blunted by the fact that the procedure under the LUBA review statute (Oregon Laws 1979, ch 772) entails two filings by the petitioner—first, the notice of intent to appeal, and, second, the petition for review and supporting brief—while the petition is the initial pleading in a writ of review proceeding. The fact that a petition for a writ of review contains allegations, while neither a notice of intent to appeal to LUBA nor a notice of appeal to the appellate courts do so, is no more conclusive in determining whether a notice of intent to appeal is sufficient in itself to confer jurisdiction on LUBA than it is in determining whether a notice of appeal is the only procedural event necessary to give an appellate court jurisdiction. More basically, the jurisdictional significance of similar procedural events under different statutory schemes cannot be determined by analogy, if the schemes themselves are not strictly comparable.

■        Although the word "jurisdiction" is often used to denote the general question of whether a court or other body has authority to act or to act further, the word may not satisfactorily describe the issue presented in this case. A more precise description of the issue is whether LUBA has authority under Oregon Laws 1979, ch 772 to waive or

extend the period the Act provides for filing the petition and supporting brief. As the city notes, ORS 19.033(3) gives the appellate courts express power to retain authority over an appeal, notwithstanding a party's failure to comply with procedural requirements subsequent to the filing of its notice of appeal. It does not follow, however, that express statutory authority is necessary for a court or agency to excuse a party's nonperformance of a procedural requirement which occurs after the body has acquired jurisdiction. *Cf. Neppach v. Jones,* 28 Or 286, 39 P 999, 42 P 519 (1895). The correct inquiry is whether relief from a statutory procedural requirement is either expressly forbidden by the statute or is inconsistent with its provisions and objectives.

Section 1a of Oregon Laws 1979, ch 772 provides:

"It is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use and that those decisions be made consistently with sound principles governing judicial review. It is the intent of the Legislative Assembly in enacting sections 1a to 6a of this 1979 Act to accomplish these objectives."

Petitioners argue:

"* * * 1979 Oregon Laws, Chapter 772, Sec. 1a, provides that it is the policy of the legislature to reach decisions in land use matters consistently with sound principles governing judicial review. These principles have traditionally held that the only jurisdictional requirement to perfect an appeal is the filing of the Notice. * * *"

However, the more relevant language of section 1a, as we read it, is "that time is of the essence in reaching final decisions in matters involving land use." That language suggests that LUBA's proceedings are to be conducted, and the statutory requirements are to be applied, in a manner which promotes the prompt resolution of appeals.

Moreover, as the city argues, the legislature expressly provided in section 4(5), relating to the public body's transmittal of the record, that LUBA may extend the filing time beyond the statutorily-designated period. Similarly, section 4(8) requires LUBA to issue a final order within 90 days after the petition for review is filed, or be deemed to affirm the land use decision, unless an "extension of time has been stipulated to by the parties." Section 4(6) gives neither LUBA nor the parties authority to extend

the time for filing the petition and brief. The absence of a grant of authority to waive or extend the filing time in section 4(6) strongly indicates that the legislature intended no such authority to exist, in light of the express grant of authority to extend the statutory periods for performing other acts under two other subsections of section 4. *See World Lit. Crusade v. Insurance Div.,* 42 Or App 683, 686, 601 P2d 833 (1979).

We conclude that the period for filing the petition for review and supporting brief under Oregon Laws 1979, ch 772, § 4(6) is mandatory and cannot be waived or extended by LUBA.

Affirmed.