Argued and submitted November 4, affirmed December 9, 1981

GORDON et al,
*Petitioners on Review,*

*v.*

CITY OF BEAVERTON,
*Respondents on Review.*

(LUBA No. 80-078, CA 19168, SC 27986)

637 P2d 125

Thomas A. Gordon, Portland, filed a brief and argued the cause for petitioner. With him on the brief were Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman.

Eleanore Baxendale, Assistant City Attorney, Beaverton, filed a brief and argued the cause for respondent.

Before Denecke, Chief Justice, Tongue, Linde, Tanzer, Peterson and Campbell, Justices.

PER CURIAM.

## PER CURIAM.

Petitioners challenged the issuance of a conditional use permit by the City of Beaverton by giving timely notice of intent to appeal to the city and the Land Use Board of Appeals (LUBA). 1979 Or Laws, ch 772, §§ 4(1), (4). The statute provides, in section 4(5), that within 20 days after service of the notice of intent to appeal the city shall transmit the record of the challenged proceeding to the board. Thereafter the petitioner has 20 days within which to file a petition for review and a supporting brief with the board. Section 4(6). Petitioners missed this statutory deadline by one day, and LUBA dismissed their petition. In affirming the dismissal, the Court of Appeals held that LUBA has no statutory authority to waive or extend the period for filing the petition and supporting brief, 52 Or App 937, 630 P2d 366 (1981).

Because we were concerned whether this holding unnecessarily restricted the procedural authority of the board, which had not appeared as a party below, we allowed review and asked the board to submit a memorandum. LUBA in fact had adopted an administrative rule under which the time for filing the petition and brief could be extended upon written stipulation of all parties. OAR 661-10-075(1)(B).[1] In its memorandum LUBA takes the position that it acquires jurisdiction upon a timely filing of a notice of intent to appeal, and that agency authority thereafter to extend the time for filing subsequent documents is not contrary to the statute.

Petitioner argues not only that LUBA had authority to forgive his one day delay in filing these documents, but that the court should order it to do so by applying judicial policies in favor of preserving the right of appeal. *See, e.g., David M. Scott Construction v. Farrell,* 285 Or 563, 568, 592 P2d 551 (1979). But LUBA is an agency, not a court in the judicial system. A court may interpret a doubtful statute so as not to foreclose an agency from adopting similar procedural policies, but it is quite another thing to impose them on the agency as a matter of law. *Compare Fish & Wildlife Department v. LCDC,* 288 Or 203,

---

[1] LUBA deleted the provision for extensions of time after the decision in the Court of Appeals so as not to mislead parties into relying on the rule.

603 P2d 1371 (1979) (statute precluded agency's requiring exhaustion of pre-review remedies). Here the board had adopted a rule that the time for filing petitions and briefs would be extended only with the consent of opposing parties, and we see nothing in the statute that would entitle petitioner to a different ruling on his petition.[2]

 The decision is affirmed.

---

[2] In oral argument, petitioner also suggested that there could be some doubt how the days "after" service of the notice of intent to appeal are to be counted. No issue concerning the computation was raised below, and we do not find the argument persuasive.