Submitted on record and briefs November 11, 1981,
affirmed May 26, 1982

JOHNSON et al,
*Petitioners,*

*v.*

CLACKAMAS COUNTY BOARD OF
COMMISSIONERS et al,
*Respondents.*

(LUBA No. 81-061, CA A21961)

645 P2d 569

Edward L. Latourette, Oregon City, filed the brief for petitioners.

Cynthia L. Phillips, Assistant County Counsel, Oregon City, filed the brief for respondent Clackamas County Board of Commissioners.

No appearance made by respondent Carole Yates.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioners appeal an order of the Land Use Board of Appeals (LUBA) dismissing their appeal from a land use decision of respondent Clackamas County Board of Commissioners on the ground that it was filed in excess of the time allowed by Or Laws 1979, ch 772, § 4(6). That statute provides in part:

"Within 20 days after the date of transmittal of the record, a petition for review of the land use decision and supporting brief shall be filed with the board. * * *"

The petition for review and supporting brief were due on June 11, 1981, before our decision in *Gordon v. City of Beaverton,* 52 Or App 937, 630 P2d 366 (1981), and were filed eight days late. LUBA dismissed the appeal on the ground that petitioners had not complied with its rule[1] permitting extensions of time, not on the basis of our decision in *Gordon,* which held that LUBA had no authority to extend the time for filing the petition and brief.

Accordingly, petitioners here are in the same posture as were those in *Gordon,* and the case is controlled by the Supreme Court's decision on review, *Gordon v. City of Beaverton,* 292 Or 228, 637 P2d 125 (1981), regardless of whether that opinion determined that LUBA had authority to adopt the rule. Although petitioners argue that they received *oral* consent for the extension from *some* of the

---

[1] Former OAR 661-10-075(1)(B) provided:

"(1) Except as provided in subsection (2) of this section, any time deadline established by these rules for the filing of documents with the Board, other than the Notice of Intent to Appeal, may be extended by the Board upon motion of the party seeking the extension. The motion shall state the reasons for the granting of the extension and must be filed with the Board within the time required for performance of the act for which an extension of time is requested.

"(2) A motion which seeks to extend the time for filing the petition for review or respondent's brief must be accompanied by a written stipulation signed by all the parties to the appeal consenting to the extension. A written stipulation consenting to an extension of time for filing respondent's brief must also contain a provision consenting to an extension of the time within which the Board is required to issue a final order by an amount of time equal to the extension stipulated by the parties."

That rule was in effect at the time petitioners' documents were due. LUBA subsequently amended that rule to comply with our decision in *Gordon v. City of Beaverton,* 52 Or App 937, 630 P2d 366, *aff'd* 292 Or 228, 637 P2d 125 (1981), but decided this case on the basis of its rule.

parties, LUBA found that the existence of an oral stipulation was doubtful and, thus, did not reach the issue of whether an oral stipulation would satisfy its rule. That finding is permissible on this record. Assuming *arguendo* that LUBA had authority to adopt the rule, petitioners failed to bring themselves within it. We affirm LUBA's dismissal of their appeal on that ground.

Affirmed.