HOFFMAN,
*Petitioner,*
*v.*
CITY OF PORTLAND et al,
*Respondents.*

(LUBA No. 81-058, CA A21857)

646 P2d 49

Susan P. Graber, Portland, argued the cause for petitioner. On the brief were Elizabeth F. Cosgriff, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Kathryn S. Beaumont, Deputy City Attorney, Portland, argued the cause and filed the brief for respondent City of Portland.

Michael B. Wallstein, Portland, argued the cause for respondents RKH Developers, Inc., Eric Hoffman and Jean Hoffman. With him on the brief were William F. Bernard, and Bernard, Hurley, Crawford & Kneeland, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Petitioner appeals from an order of the Land Use Board of Appeals (LUBA) dismissing his appeal from a land use decision of respondent City of Portland on the ground that his petition for review and supporting brief were not timely filed. LUBA based its ruling on our decision in *Gordon v. City of Beaverton,* 52 Or App 937, 630 P2d 366 (1981), holding that Or Laws 1979, ch 772, § 4(6)[1] requires, as a prerequisite to that agency's jurisdiction, that the petition and brief be filed within 20 days after the "date of transmittal of record," notwithstanding the timely filing of his notice of intent to appeal. Or Laws 1979, ch 772, § 4(4).

Transmittal of the record occurred on June 10, 1981, and the parties were so informed on that date. It appears from the affidavit of petitioner's counsel that on June 30, 1981, at 3:45 p.m., counsel delivered the petition and brief to a messenger service in Portland with instructions to deliver them to the LUBA offices in Salem by 5 p.m. The messenger arrived at the LUBA office between 5:10 p.m. and 5:12 p.m. on that day, but the office was closed. LUBA officially received the petition on the morning of July 1.

Petitioner contends that LUBA erred in dismissing his appeal for the following reasons: (1) delivery of the documents to LUBA's office after 5 p.m. and before midnight on June 30 is a sufficient "filing" within the meaning of the statute; (2) in calculating the 20 days in which the petition must be filed after transmittal of the record, the day *after* the date the record is received should be excluded; (3) LUBA may accept an untimely petition by waiving or extending the time limit set forth in Section 4(6); and (4)

---

[1] Or Laws 1979, ch 772, § 4(6) provides:

"(6) Within 20 days after the date of transmittal of the record, a petition for review of the land use decision and supporting brief shall be filed with the board. The petition shall include a copy of the decision sought to be reviewed and shall state:

"(a) The facts that establish that the petitioner has standing.

"(b) The date of the decision.

"(c) The issues the petitioner seeks to have reviewed."

assuming *arguendo* an untimely filing, petitioner's delay was excusable and the parties were not prejudiced.

■ We know of no authority that requires LUBA offices to remain open each day until midnight for the purpose of filing documents. LUBA's office hours are published, and nothing in its enabling act or its procedural rules requires, or even suggests, that it be open during any other times. Petitioner's contention that "delivery" of the petition to the closed offices of LUBA is a sufficient "filing" is equally unpersuasive. We have consistently held that "filing" occurs when a document is delivered to and received by the proper official. *In re Wagner's Estate,* 182 Or 340, 342, 187 P2d 669 (1947); *Williams v. Cody,* 24 Or App 433, 545 P2d 905 (1976). Here, notwithstanding arrival[2] of the document at 5:10 p.m. on June 30, "filing" occurred on July 1, 1981, when the petition and brief were received by LUBA.

Petitioner's alternative contention is that the petition was timely filed on July 1, because the day *after* receipt of the record by LUBA should be excluded (June 11), with the result that the 20-day period commenced to run on June 12. That contention was found to be unpersuasive by the Supreme Court in its decision on review in *Gordon v. City of Beaverton,* 292 Or 228, 231 n 2, 637 P2d 125 (1981). *See Williams v. Cody, supra.* The 20 days expired on June 30.

■ Petitioner's third and fourth arguments relate to LUBA's authority to accept late filing of petitions and supporting briefs. In this court's opinion in *Gordon v. City of Beaverton, supra,* we held that the agency had no authority to waive or extend the time for filing. In its review of *Gordon,* the Supreme Court affirmed this court's decision, but on the ground that the petitioner had not shown compliance with former OAR 661-10-075(1)(B),[3] LUBA's

---

[2] The only evidence contained in the record concerning the June 30 "delivery" of the petition for review after 5 p.m. to LUBA offices is an affidavit submitted by petitioner's counsel to that effect. At most, it shows an attempted delivery.

[3] Former OAR 661-10-075(1)(B) provided:

"(1) Except as provided in subsection (2) of this section, any time deadline established by these rules for the filing of documents with the Board, other than the Notice of Intent to Appeal, may be extended by the Board upon motion of the party seeking the extension. The motion shall state the reasons

rule allowing an extension of the time for filing on a written stipulation of all parties. Because the Supreme Court found that the petitioner had not complied with the LUBA rule, it did not address the issue of LUBA's authority to extend the time for filing. We adhere to our earlier decision and conclude that the statutory period for filing the petition for review and supporting brief is mandatory and cannot be waived or extended by LUBA. LUBA's dismissal of petitioner's untimely petition was proper.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Because I disagree with the majority's understanding of the significance of the Supreme Court's decision in *Gordon v. City of Beaverton,* 292 Or 228, 637 P2d 125 (1981), I dissent from that portion of the opinion disposing of petitioner's third and fourth arguments, which relate to LUBA's authority to accept a late filing of the petition and supporting brief after the agency has acquired jurisdiction.

Petitioner's third argument is the more troublesome one, because LUBA based its dismissal here on our opinion in *Gordon v. City of Beaverton,* 52 Or App 937, 630 P2d 366 (1981), that the agency had no authority to waive or extend the time for filing the petition and supporting brief, even though the notice of intent to appeal was timely given. Or Laws 1979, ch 772, § 4(1), (4). Prior to our decision in that case, LUBA had adopted an administrative rule under which the time for filing the petition and brief could be extended by written stipulation of all parties. Former OAR 661-10-075(1)(b).[1] Our decision was issued

_____

for the granting of the extension and must be filed with the Board within the time required for performance of the act for which an extension of time is requested.

"(2) A motion which seeks to extend the time for filing the petition for review or respondent's brief must be accompanied by a written stipulation signed by all the parties to the appeal consenting to the extension. A written stipulation consenting to an extension of time for filing respondent's brief must also contain a provision consenting to an extension of the time within which the Board is required to issue a final order by an amount of time equal to the extension stipulated by the parties."

[1] Former OAR 661-10-075(1)(b) provided:

"(1) Except as provided in subsection (b) of this section, any time deadline established by these rules for the filing of documents with the Board,

June 29, 1981, prior to the expiration of this petitioner's time for filing his petition and brief with LUBA. LUBA's order was entered July 24, at which time it had been told that it had no discretion to permit a late filing.

On review of *Gordon,* the Supreme Court implicitly held that LUBA had authority to adopt the rule permitting extensions of time to file the petition and brief, but that the petitioner had not shown compliance with that rule; therefore, it affirmed our opinion affirming LUBA's dismissal of the petition. Although I agree that the opinion could have been more clear, it seems obvious to me that if the court had concluded, after granting review, that the issue of LUBA's authority was not presented in that case it would have simply dismissed the petition for review as improvidently granted. Instead, the court issued an opinion, albeit *per curiam,* in which it *intended* to say something, and it seems clear to me that it did.

Notwithstanding the court's disposition of the case on the ground that petitioner had not shown that it came within LUBA's then-existing rule *(see* n 1, *supra),* the court disposed of petitioner's other contention:

"Petitioner argues not only that LUBA had authority to forgive his one day delay in filing these documents, but that the court should order it to do so by applying judicial policies in favor of preserving the right of appeal. *See, e.g., David M. Scott Construction v. Farrell,* 285 Or 563, 568, 592 P2d 551 (1979). But LUBA is an agency, not a court in the judicial system. A court may interpret a doubtful statute so as not to foreclose an agency from adopting similar procedural policies, but it is quite another thing to impose them on the agency as a matter of law. *Compare Fish § Wildlife Department v. LCDC,* 288 Or 203, 603 P2d

other than the Notice of Intent to Appeal, may be extended by the Board upon motion of the party seeking the extension. The motion shall state the reasons for the granting of the extension and must be filed with the Board within the time required for performance of the act for which an extension of time is requested.

"(b) A motion which seeks to extend the time for filing the petition for review or respondent's brief must be accompanied by a written stipulation signed by all the parties to the appeal consenting to the extension. A written stipulation consenting to an extension of time for filing respondent's brief must also contain a provision consenting to an extension of the time within which the Board is required to issue a final order by an amount of time equal to the extension stipulated by the parties."

1371 (1979) (statute precluded agency's requiring exhaustion of pre-review remedies). Here the board had adopted a rule that the time for filing petitions and briefs would be extended only with the consent of opposing parties, and we see nothing in the statute that would entitle petitioner to a different ruling on his petition. [Footnote omitted.]" *Gordon v. City of Beaverton, supra,* 292 Or at 230-31.

It is implicit in that discussion that the court considered that LUBA had authority to waive or extend the time for filing the petition and brief.

At the time this case was submitted to us, LUBA had no rule permitting extensions of time for filing a petition and supporting brief, having deleted those provisions from its rule following our decision in *Gordon. See Gordon v. City of Beaverton, supra,* 292 Or at 230, n 1. Given the peculiar posture of this case, the most appropriate disposition, in my opinion, is to reverse and remand it to LUBA to allow it to exercise its administrative discretion to accept or dismiss the petitioner's untimely filed petition and brief.

Because I would reverse and remand, I dissent.