Argued and submitted October 4, reversed and remanded December 7, 1982

HOFFMAN,
*Petitioner on review,*
*v.*
CITY OF PORTLAND et al,
*Respondents on review.*

(LUBA No. 81-058, CA A21857, SC 28787)

654 P2d 1106

Susan P. Graber, Portland, argued the cause and filed briefs for petitioner on review. With her on the briefs were George H. Fraser, Stephen T. Janik, Elizabeth F. Cosgriff and Stoel, Rives Boley, Fraser and Wyse, Portland.

William F. Bernard, Portland, argued the cause and filed briefs for respondents, RKH Developers, Inc., Eric Hoffman and Jean Hoffman. With him on the briefs was Bernard, Hurley, Crawford & Kneeland, Portland.

Kathryn Beaumont Imperati, Deputy City Attorney, Portland argued the cause and filed briefs for respondent

City of Portland. With her on the briefs was Christopher P. Thomas, City Attorney.

Virginia L. Linder, Assistant Attorney General, Salem, filed memorandum on behalf of Land Use Board of Appeals. With her on the memorandum were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General and William F. Gary, Solicitor General, Salem.

LINDE, J.

## LINDE, J.

The statute providing for review of land use decisions by the Land Use Board of Appeals (LUBA) requires that review be initiated by filing a notice of intent to appeal "not less than 30 days after the date the decision sought to be reviewed becomes final." Or Laws 1979 ch 772, § 4(1), (4). This notice obliges the local governmental body to transmit the record of the proceeding to LUBA. Or Laws 1979 ch 772, § 4(5). The statute then provides that "[w]ithin 20 days after the date of transmittal of the record, a petition for review of the land use decision and supporting brief shall be filed with the board." Or Laws 1979 ch 772, § 4(6).

In this case, LUBA dismissed the petition for review as untimely and the Court of Appeals affirmed the dismissal. 57 Or App 688, 646 P2d 49 (1982). The record had been transmitted to LUBA on June 10, 1981. According to an affidavit by petitioner's counsel, a messenger delivering the petition and brief arrived at LUBA's offices at about 5:10 p.m. on June 30 and, finding the office closed and no one available to accept delivery, left the documents outside the office door. They were discovered the next morning and filed as of 8:51 a.m. on July 1.

Certainly LUBA could dismiss the petition as untimely if it so chose. Petitioner argues on two alternative theories that the delivery was actually made on the 20th day, but both LUBA and the Court of Appeals rejected these theories for reasons with which we agree. *See* 57 Or App at 690-691. Whatever might be the case if an office maintained unreasonable hours or were unexpectedly closed during its normal work day, LUBA's published rules specify that its offices are open from 8:30 a.m. to 5:00 p.m. If a document is not in fact received on the 20th day by someone who may accept it, LUBA may consider it not "filed" within the meaning of section 4(6).

Although LUBA could dismiss this petition if it so chose, the difficulty is that we do not know whether LUBA would so choose. At the time LUBA dismissed the petition, the Court of Appeals had recently rendered a decision denying that LUBA had any choice in the matter. *Gordon v. City of Beaverton,* 52 Or App 937, 630 P2d 366 (1981).

LUBA's own view, expressed by a rule, had been that it legally could extend the 20-day filing deadline and would do so upon stipulation of all parties. After the *Gordon* decision of the Court of Appeals, LUBA considered itself bound to dismiss the present petition and temporarily withdrew its rule.

This court allowed review in *Gordon* to consider whether that holding "unnecessarily restricted the procedural authority of the board. . ." *Gordon v. City of Beaverton*, 292 Or 228, 230, 637 P2d 125 (1981). We affirmed the dismissal in that case, not because LUBA had no authority to forgive a one-day delay in filing, but because LUBA was not legally obliged to do so, and its rule required the consent of all other parties for any extension of the filing deadline. 292 Or at 231. As it therefore was unnecessary to decide in the abstract whether LUBA could accept belated filings under any circumstances, our decision replaced the Court of Appeals' opinion that LUBA could never do so. LUBA dismissed the present petition and brief before our decision in *Gordon*.

In affirming the dismissal, the Court of Appeals reasserted its *Gordon* holding that the board "had no authority to waive or extend the time for filing." 57 Or App at 691. Judge Buttler, dissenting, believed that this premise had been undermined by this court's opinion in *Gordon*. He therefore voted to remand the order to LUBA to allow the board to decide in the first instance whether it would accept the petition if it were free to do so.

■ For the reasons that follow, we agree with Judge Buttler that the order should have been remanded. As both opinions in the Court of Appeals note, this court in *Gordon* did not decide the extent of LUBA's authority to waive or extend the filing deadline. We did hold that the Court of Appeals also should not have decided that question when LUBA had not asserted or attempted to exercise such an authority in the case on review. The reason is not the merely formal one that an answer to that question was unnecessary to the disposition of the case. There are weightier reasons why a court should not declare that an agency lacks some particular authority over its own procedure before it knows whether and how the agency might assert such authority.

First, it is the agency's responsibility in the first instance to conduct its affairs under its governing statute. The statute here involved, section 4(6), is addressed to LUBA; it reaches a court only on judicial review of LUBA action. But LUBA never decided whether it would accept an attempted filing which missed the closing hour of its office and was date stamped when the office opened the next morning, because the Court of Appeals opinion in *Gordon* appeared to foreclose such an acceptance as a matter of law.[1]

Second, lacking an agency's own decision of the question, its procedural authority tends to be decided in judicial proceedings between two other parties in which the agency whose action is attacked often chooses not to appear. This case is an example. But an agency's legal authority should not be left to the opposing arguments of private parties whose interest may be limited to a narrow question and who may have only a limited perspective of the agency's overall statutory program and its background. The agency itself may be in a better position to present the institutional and practical reasons for its choice of procedure. It may be more familiar with the legislative history of the statute under which it operates and whether those institutional or practical reasons were known to the legislature. Apart from the legal issue itself, the agency may have a different view of the applicable judicial review. To take just one example, without deciding it here, the Court of Appeals in these cases has treated what it held to be a "mandatory" filing deadline as equivalent in effect to a "jurisdictional" bar. *See* 52 Or App at 941. But a failure to follow even a mandatory procedure is not cause for reversal "unless the court shall find that substantial rights of the petitioner were prejudiced thereby..." Or Laws 1979 ch 772, § 6a(8)(a). *See Patton v. State Board of Higher Education,* 293 Or 363, 647 P2d 931 (1982). A prescribed procedure is nonetheless mandatory, unless waived, whether or not failure to follow it requires reversal of a decision.

---

[1] In *Fish & Wildlife Department v. LCDC,* 288 Or 203, 603 P2d 1371 (1979), which we cited in *Gordon,* and which held that the agency was not authorized to withhold review because of a petitioner's failure to exhaust local remedies, the agency itself had decided that issue in the case under review.

*Compare Anaconda Co. v. Department of Revenue,* 278 Or 723, 727-29 and n. 3, 565 P2d 1084 (1977).[2]

Here we are informed of LUBA's legal position only indirectly by a memorandum filed at our request by the attorney general. The memorandum states the following views: (1) The timely filing of the statutory notice of intent to appeal pursuant to § 4(1) suffices to give LUBA jurisdiction of the appeal. Untimely filing of the petition and brief may be grounds for dismissal, maybe even obligatory dismissal in the absence of consent, but it is not "jurisdictional." (As suggested above, arguably an agency error in this respect would be subject to the test of prejudice stated in § 6a(8)(a).) (2) Therefore LUBA is not precluded from extending the second filing deadline by consent of all parties, given either before or after the deadline passes. (3) "LUBA's authority unilaterally, or on the motion of only one party, to waive or extend a deadline for filing the petition presents a close question," on which the attorney general declines to take a position "until LUBA, through its collegial decision-making process, has had an opportunity to address the question on the merits." In the attorney general's view, if LUBA believes that it should accept later petitions under some circumstances, LUBA should first promulgate a procedural rule to that effect under the authority given it by § 2a(4).

In short, the attorney general does not assert a firm legal position on the precise issue in the present case on the ground that LUBA has not had an opportunity to address it. He does argue that the deadline for filing the petition and brief with LUBA is not "jurisdictional." His views, on behalf of LUBA or otherwise, were not available to the Court of Appeals because the agency, for budgetary or other reasons, made no appearance to explain its action on judicial review.

■     As a result, what we know about LUBA's view of its authority is that before *Gordon* the board believed that it could extend the deadline for filing the petition and brief

---

[2] *Cf. also State v. Newton,* 291 Or 788, 636 P2d 393 (1981); *State v. Brock,* 294 Or 15, 653 P2d 543 (1982) (procedures mandatory even though not requiring exclusion of evidence).

upon a stipulation of all parties. A "jurisdictional" requirement, of course, cannot be waived by stipulation. *City of Hermiston v. Employment Relations Board,* 280 Or 291, 570 P2d 663 (1977). LUBA also has held that it could accept a petition delivered after its official 5 p.m. closing hour if an employee still happens to be in the office to receive it, on the ground that this waives only LUBA's rule as to its business hours, not the statutory date. *Housing Development Corp. of Washington County v. City of Hillsboro,* 5 Or LUBA 122 (1982). Perhaps LUBA would reach the same result if an employee returned to the office after dinner and found the petition on the doorstep. From LUBA's past actions, it is difficult to say with certainty what view it would take of a petition similarly left but found after midnight, or of a respondent's consent given after the belated delivery, if the agency did not consider the question foreclosed by *Gordon.*

Quite possibly LUBA would decide to reject the present petition and brief in any event. But the agency believed that there was no decision to make. Petitioner should have an opportunity to present its arguments for accepting the filing to LUBA free from the constraint of the *Gordon* ruling that we later held to have been premature. The time to decide whether LUBA has exceeded its authority is when LUBA exercises it.

The decision of the Court of Appeals is reversed and the case is remanded to the Land Use Board of Appeals for further proceedings.