Argued and submitted March 15, affirmed May 22, 1991

COBRA CONSTRUCTION,
*Petitioner,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE
and SAIF Corporation,
*Respondents.*

(89-12-32; CA A65233)

812 P2d 19

Bruce D. Smith, Medford, argued the cause for petitioner. With him on the brief was Smith and Smith, Medford.

David Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

No appearance by respondent National Council on Compensation Insurance.

Before Richardson, Presiding Judge, and Deits and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer seeks review of an order of the Department of Insurance and Finance (Department) that dismissed its appeal, because it had not been timely filed. ORS 737.505(4). We affirm.

After receiving SAIF's final premium audit billing on October 16, 1989, employer mailed a request for appeal to Department. Department did not receive the request until December 18, 1989. The appeal was dismissed pursuant to ORS 737.505(4):

> "Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be *made* within 60 days after receipt of the billing." (Emphasis supplied.)

Employer argues that its mailing complied with the time requirement for making an appeal.[1] SAIF argues that "made" means "filed" and that filing did not occur until Department received the request. The issue is what the legislature intended by the word "made" in ORS 737.505(4).

Subsection 4 was added to ORS 737.505 in 1987. Or Laws 1987, ch 884, § 6; *see also* ORS 737.318. Testimony in support of the bill indicated that the appeal procedure in subsection 4 of ORS 737.505 was to be patterned after the procedure for contested case hearings in ORS chapter 183.

---

[1] Employer relies in part on OAR 836-43-110 (*since amended*), which provided that an insurer, when adjusting a premium for an employer after a premium audit, had to notify the employer of the right to appeal by this notice:

> "You may appeal this billing to the Director of the Department of Insurance and Finance, State of Oregon, by applying in writing to the Director within 60 days after receiving this premium audit billing. Your completed appeal must state your grounds for questioning the billing, and must include your contentions of error by your insurer and your request for correction and relief.

> "The appeal must be sent to the following address:

> "Director
> Department of Insurance and Finance
> 21 Labor and Industries Bldg.
> Salem, OR 97310

> "You may send a copy of your appeal to your insurer. This will give you and your insurer an opportunity to resolve the dispute prior to a hearing."

The rule tells an employer that an appeal must be in writing and not oral, but it is unrelated to the issue of what the legislature intended by the word "made." The rule does not assist employer's argument. Although it does not pertain to this case, we note that the rule was amended in 1990 to require *receipt* of an appeal within the 60-day period.

Minutes, Senate Committee on Labor, May 21, 1987, Tape 164, Side B; Minutes, Senate Committee on Labor, June 2, 1987, Tape 187, Side A. In a contested case, the petition for review must be "filed" within 60 days after the order has been served. ORS 183.482(1). That suggests that "made" in ORS 737.505(4) is synonymous with "filed." In other contexts, it has been held that "filed" means received by the person or tribunal with which filing is required. *See In re Wagner's Estate,* 182 Or 340, 342, 187 P2d 669 (1947); *Barr v. EBI Companies,* 88 Or App 132, 744 P2d 582 (1987); *Hoffman v. City of Portland,* 57 Or App 688, 691, 646 P2d 49, *rev'd on other grounds,* 294 Or 150, 654 P2d 1106 (1982); *Bergeron v. Ontario Rendering Co.,* 34 Or App 1025, 580 P2d 216, *rev den* 284 Or 80 (1978); *Williams v. Cody,* 24 Or App 433, 545 P2d 905 (1976).

In the absence of any contrary expression of legislative intent, we agree with Department that the legislature intended that merely mailing a request for appeal did not constitute making an appeal under ORS 737.505(4). *See Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980).

Affirmed.