Argued and submitted January 10, first certified question answered June 8, 2001

ONRC ACTION,
and Klamath Forest Alliance,
*Plaintiffs-Appellants,*

*v.*

COLUMBIA PLYWOOD, INC.,
*Defendant-Appellee.*

ONRC ACTION,
and Klamath Forest Alliance,
*Plaintiffs-Appellants / Cross-Appellees,*

*v.*

COLUMBIA PLYWOOD, INC.,
*Defendant-Appellee / Cross-Appellee.*

(USDC CV-97-03087-CO; USCA 98-36233, 99-35019;
SC S47437)

26 P3d 142

William C. Carpenter, Jr., Eugene, argued the cause and filed the brief for plaintiffs-appellants.

Karen O'Kasey, of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed the brief for defendant-appellee. With her on the brief was Patricia M. Dost.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, filed the brief for *amici curiae* Environmental Quality Commission and Department of Environmental Quality.

LEESON, J.

**LEESON, J.**

This case is before the court on certified questions of Oregon law from the United States Court of Appeals for the Ninth Circuit. ORS 28.200 *et seq.*; ORAP 12.20. We accepted the certified questions. *See Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 811 P2d 627 (1991) (discussing factors court considers in exercising discretion to accept certified questions). We summarize the following facts from the Ninth Circuit's certification order and the excerpt of record filed in that court.

The federal Clean Water Act (CWA) prohibits the discharge of pollutants into navigable waters unless the discharge is allowed by a National Pollution Discharge Elimination System (NPDES) permit. 33 USC §§ 1311(a), 1342 (1994). A state may administer its own NPDES permit program within its boundaries if the Administrator of the Environmental Protection Agency certifies it to do so. *Id.* § 1342(b). Oregon has a certified NPDES program that the Department of Environmental Quality (DEQ) administers and enforces. The DEQ program includes issuing NPDES permits and processing applications for the renewal of NPDES permits. ORS 468.035; ORS 468.065. To renew an NPDES permit, the applicable administrative rule requires the permit holder to file an application for renewal with DEQ at least 180 days before the expiration of the existing permit. OAR 340-045-0030(1).

In 1984, Columbia Plywood Corporation (defendant) received an NPDES permit allowing it to discharge pollutants into the Klamath River until November 30, 1989. On August 21, 1989, fewer than 180 days before that permit would have expired, defendant applied to DEQ to renew it. In a letter dated August 24, 1989, DEQ informed defendant that defendant's renewal application was incomplete, because it was not signed and dated in two places. The letter indicated that DEQ was returning the unsigned and undated parts of the application to defendant and that, after defendant properly had signed and dated those parts, DEQ would consider the application "complete for filing." The letter also stated that, if DEQ did not take final action on defendant's renewal

application by November 30, 1989, the date on which defendant's 1984 NPDES permit would expire, then the 1984 permit would "remain in effect until the final action is taken."

Defendant signed and dated the parts of the application that DEQ had returned to it, and filed those parts with DEQ on September 1, 1989. Since 1989, defendant has continued to discharge pollutants into the Klamath River under the terms of its 1984 NPDES permit, because DEQ took no final action on defendant's renewal application. As noted, DEQ told defendant in August 1989 that, after defendant had submitted a complete renewal application, defendant's 1984 NPDES would remain in effect until DEQ took final action.

In 1997, ONRC Action and Klamath Forest Alliance (plaintiffs) filed suit in federal district court seeking, among other things, to enjoin defendant from continuing to discharge pollutants into the Klamath River in violation of the CWA. *See* 33 USC § 1365 (1994) (providing authority for citizens to enforce provisions of CWA through citizen suits). Plaintiffs contended that defendant's 1984 NPDES permit had expired on November 30, 1989, that defendant had not timely applied to renew that permit, and that DEQ had not renewed it. Plaintiffs argued that DEQ lacked authority to waive the 180-day filing requirement in OAR 340-045-0030(1) and that its decision to do so and to extend defendant's 1984 NPDES permit was invalid. Accordingly, plaintiffs contended, defendant's 1984 NPDES permit expired on November 30, 1989, and, since then, defendant has been discharging pollutants into the Klamath River without a valid NPDES permit, in violation of the CWA. An affidavit from a DEQ water quality manager submitted on defendant's behalf stated that DEQ considered defendant's application to have been timely filed and that the terms of defendant's 1984 NPDES permit "continue in force."

Defendant moved for summary judgment on the ground that in 1989 DEQ properly had waived the 180-day filing requirement in OAR 340-045-0030(1) (1989) and that plaintiffs had not been prejudiced by that waiver. A magistrate judge of the United States District Court for the District

of Oregon held that OAR 340-045-0030(1) (1989) is a procedural rule for the benefit of DEQ and permit holders and that, under federal and Oregon law, DEQ may waive the provisions of the rule "if such waiver does not prejudice plaintiffs." The court then found that plaintiffs had suffered no prejudice. Accordingly, it granted defendant's motion for summary judgment. After a United States District Court judge adopted the magistrate judge's findings and recommendations, plaintiffs appealed to the Ninth Circuit.

The Ninth Circuit frames the issues of Oregon law on appeal to that court as a dispute between the parties about whether, under this court's opinion in *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 565 P2d 1084 (1977), DEQ had authority to waive the 180-day filing requirement and whether, under this court's opinion in *Hoffman v. City of Portland*, 294 Or 150, 654 P2d 1106 (1982), plaintiffs must show that they have been prejudiced substantially by that waiver before a court may find that DEQ's waiver was invalid. The Ninth Circuit certified the following questions to this court:

"1.   Can [DEQ] waive [OAR] 340-045-0030(1), which requires that an applicant file a renewal application 180 days before its [NPDES] permit expires, by accepting a renewal application filed less than 180 days before the NPDES permit's expiration date? If not, then:

"2.   Is [DEQ's] extension of the NPDES permit beyond its original five-year term, pursuant to [OAR] 340-045-0040, invalid because the waiver is invalid, or must the waiver have prejudiced the plaintiffs before the waiver can be held invalid?"

Before turning to the first certified question, we note the unusual procedural posture in which this case comes to this court. Plaintiffs' argue that defendant is violating the CWA by continuing to discharge pollutants into the Klamath River, because defendant's 1984 NPDES permit expired on November 30, 1989. That argument actually is a collateral attack on DEQ's decision to accept defendant's application for renewal of its 1984 NPDES permit even though defendant had not filed for renewal at least 180 days before its 1984 permit was set to expire.[1] Normally, review of an agency action

---

[1] The magistrate judge, citing *Citizens for a Better Environment-California v. Union Oil Co. of California*, 83 F3d 1111 (9th Cir 1996), *cert den sub nom* 519 US

comes to this court under the Oregon Administrative Procedures Act, ORS 183.310 *et seq.* In this case, the validity of DEQ's decision to accept defendant's application to renew its NPDES permit arises in the context of a federal citizen lawsuit challenging a permit holder's compliance with the CWA. That unusual procedural posture does not affect this court's legal analysis of whether DEQ erred in accepting defendant's application for renewal of its 1984 NPDES permit. *See* ORS 183.482(8)(a) (court may overrule agency action taken as result of erroneous interpretation of provision of law); ORS 183.484(5)(a) (same). We turn to the first certified question.

DEQ's letter to defendant on August 24, 1989, expressed the agency's view that it may accept as timely an application for renewal that is filed fewer than the 180 days specified in OAR 340-045-0030(1) (1989). *Amici* DEQ and the Environmental Quality Commission (EQC), appearing at this court's request, maintain that one purpose of the 180-day filing requirement in the rule is to provide for the efficient administration and processing of NPDES permit applications. They argue that the requirement was not intended to "deprive DEQ of authority to accept a NPDES permit renewal application" submitted fewer than 180 days before the permit holder's current permit expires. *See* ORS 468.035(1)(n) (DEQ may "perform such * * * acts as may be necessary, proper or desirable to carry out effectively the duties, powers and responsibilities of [DEQ]"); ORS 468.045(1)(c) (DEQ to "[a]dminister and enforce the laws of the state concerning environmental quality").

This court previously has explained the proper inquiry in challenges involving an agency's interpretation of its own administrative rule:

> "Where * * * the agency's plausible interpretation of its own rule cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law, there is no basis on which this court can assert that the rule has been interpreted 'erroneously.' It follows that * * * this court cannot overrule, under ORS 183.482(8)(a) [or ORS 183.484(5)(a)], an agency's interpretation of its own rule."

---

1101, 117 S Ct 789, 136 L Ed 2d 731 (1997), held that the CWA permits plaintiffs to attack collaterally DEQ's decision to waive the 180-day filing requirement.

*Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994). Accordingly, our task is to determine whether DEQ's and EQC's interpretation of OAR 340-045-0030 (1989) is plausible.

OAR 340-045-0030 (1989) provides:

"(1) Any person wishing to obtain a new, modified, or renewal NPDES permit from the Department shall submit a written application on a form provided by the Department. *Applications must be submitted at least 180 days before a NPDES permit is needed.* All application forms must be completed in full and signed by the applicant or his legally authorized representative. The name of the applicant must be the legal name of the owner of the facilities or his agent or the lessee responsible for the operation and maintenance.

"(2) Applications which are obviously incomplete or unsigned will not be accepted by the Department for filing and will be returned to the applicant for completion.

"(3) Applications which appear complete will be accepted by the Department for filing.

"(4) If the Department later determines that additional information is needed, it will promptly request the needed information from the applicant. The application will not be considered complete for processing until the requested information is received. The application will be considered to be withdrawn if the applicant fails to submit the requested information within 90 days of the request.

"(5) An application which has been filed with the U.S. Army Corps of Engineers in accordance with Section 13 of the Federal Refuse Act or an NPDES application which has been filed with the U.S. Environmental Protection Agency will be accepted as an application filed under this section provided the application is complete and the information on the application is still current."

(Emphasis added.)

The emphasized part of OAR 340-045-0030(1) (1989) is the provision that is at issue in this case. The word "must" indicates that the 180-day filing requirement is mandatory. *See Fleming v. United Services Automobile Assn.*, 329 Or 449, 456, 988 P2d 378 (1999) (term "must" describes mandatory requirement). Plaintiffs argue that, under *Anaconda*, DEQ

lacked authority to accept defendant's renewal application, because it was not filed timely. We first analyze whether *Anaconda* controls DEQ's interpretation of OAR 340-045-0030(1) (1989).

In *Anaconda,* a tax case, this court construed *former* ORS 314.405(2) *repealed by* Or Laws 1977, ch 870, § 22, which provided, in part:

> "If requested by the taxpayer, * * * the taxpayer *shall* have an opportunity to confer with the [Department of Revenue (department)] * * * as to the proposed assessment at any time prior to the date such assessment is made."

(Emphasis added.) *See Anaconda,* 278 Or at 726 (quoting statute). The taxpayer in that case, a corporation, had made such a request, but the department failed to confer with it before making the assessment. This court held that *former* ORS 314.405 required the department to comply with the statutory requirement that it provide a taxpayer a conference upon request and that, absent a showing by the department that its error was harmless, the department's failure to comply with that statutory obligation rendered its subsequent assessment invalid. *Id.* at 728-30.

Unlike the statute that was at issue in *Anaconda,* the provision of the administrative rule that is at issue here imposes an obligation on the permit holder, not on the agency, to comply with a mandatory requirement. Thus, the reason that the *Anaconda* court gave for invalidating the department's assessment—the department's failure to comply with an obligation that the statute imposed on the department in its dealings with a taxpayer—is absent here. *Anaconda* does not support plaintiffs' argument that DEQ lacked authority to accept defendant's permit renewal application even though the application did not meet the 180-day filing requirement in OAR 340-045-0030(1) (1989). Nonetheless, the issue remains whether OAR 340-045-0030 (1989) prevented DEQ from accepting defendant's renewal application. *See Don't Waste Oregon,* 320 Or at 142 (prescribing analysis of text and context of rule and other sources of law). We turn to that issue.

As noted, OAR 340-045-0030(1) (1989) contains a mandatory requirement that a permit holder file an application to renew an existing NPDES permit at least 180-days before its existing permit expires. However, nothing in the text of the rule requires DEQ to reject a renewal application that is not filed timely. Moreover, other provisions of the rule, which provide context for our analysis of the 180-day filing requirement in section (1), permit the conclusion that DEQ may accept an application filed fewer than 180 days before the permit expires, so long as the application is "complete."

The sentence immediately following the 180-day filing requirement in section (1) of OAR 340-045-0040 (1989) provides: "All application forms must be completed in full and signed by the applicant or his legally authorized representative." Section (2) provides that "obviously incomplete or unsigned" applications "will not be accepted by [DEQ] for filing and will be returned to the applicant for completion." Section (3) provides that DEQ will accept "complete" applications, but that section does not make DEQ's acceptance of an application contingent on the 180-day filing requirement in subsection (1). Section (4) authorizes DEQ to request additional information from an applicant after the application has been filed and provides that the application will be deemed "complete" only when DEQ has received the additional information. Section (4) also allows the applicant 90 days to complete the application by providing the requested information. Finally, section (5), again without reference to the 180-day filing requirement in section (1), provides that DEQ will accept for filing applications filed with the United States Army Corps of Engineers or Environmental Protection Agency, provided that the application is "complete." Reading the 180-day filing requirement in context with the other provisions of OAR 340-045-0030 (1989) reveals that the completeness of an application, not when it was filed, is the primary criterion that DEQ considers in determining whether to accept an application. The 180-day filing requirement for applicants to renew an existing NPDES permit thus appears to be intended to facilitate DEQ's processing of renewal applications, not to constrain DEQ in the manner that plaintiffs suggest. Plaintiffs do not cite any other provision of law that suggests that DEQ lacks authority to accept

defendant's permit renewal application. *See Don't Waste Oregon*, 320 Or at 142 (requiring such showing).

DEQ's and EQC's interpretation of OAR 340-045-0030(1) (1989) is plausible; therefore, we cannot say that their interpretation of the rule is erroneous. *Id.* Accordingly, the answer to the first certified question is that DEQ has the legal authority to accept and process permit renewal applications that do not meet the 180-day filing requirement in OAR 340-045-0030(1) (1989). In light of that answer, we need not answer the second certified question.

First certified question answered.